NEHEMIAH P. CLARK and another *vs.* WILLIAM SCHATZ and another.

December 5, 1877.

**Mechanic's Lien—Affidavit to Account Filed must Show Contract with Owner or Agent.**—The affidavit to the account required to be filed and recorded to perfect a mechanic's lien, must show that the labor or materials for which the lien is claimed was performed or furnished by virtue of a contract or agreement with the owner of the building or with his agent.

The plaintiffs, who were co-partners under the firm name of Clark & McClure, entered into a verbal agreement with the defendant Schatz to supply the lumber and material necesrary for the construction of a building upon block "E" in the town of Cold Springs. On May 12, 1874, the defendant Schatz mortgaged this building to the defendant Girard; and on March 2, 1875, the plaintiffs filed in the office of the register of deeds, for the county of Stearns, their account in writing of the items of lumber and material furnished Schatz, and used in the construction of said building.

Annexed to the said account was the affidavit of the plaintiff Clark, in which it was deposed, among other things, "that said materials were furnished for said William Schatz at the times in said account mentioned, under and by virtue of a contract between Clark and McClure and the said William Schatz, and for erecting a certain store building in the town of Cold Springs; * * * that said materials were used in the erection of said building, which said building is situate upon block 'E,' in the town of Cold Springs, * * * and that the land upon which said building is located is owned by Henry C. Waite."

This action was brought in August, 1875, by the plaintiffs, to recover the amount claimed to be due upon the said account, with interest, and to bar the defendant Girard from any title or claim to said building by virtue of her chattel mortgage.

The case was duly tried in the district court for Stearns county, by *McKelvy*, J., without a jury; and the said court found as conclusions of law, from the above facts, that the lien of the defendant Girard, under the said chattel mortgage, was subservient to the lien of the plaintiffs; that said lien attached to the building to the extent of the interest of the defendant Schatz therein; and that judgment should be rendered for the plaintiffs against the defendant Schatz for the amount of their account, with interest.

A motion for a new trial was denied, and judgment was accordingly entered for the plaintiffs. The defendant Girard thereupon appealed.

*Oscar Taylor*, for appellants.

The omission of the affidavit to state that Schatz was the owner or agent of the owner of the building, was fatal to the claim of the plaintiffs. *Beals* v. *Cong. Ben. Jes.* 1 E. D. Smith, (N. Y.) 654; *Hoffman* v. *Walton*, 36 Mo. 613; *Hicks* v. *Murray*, 43 Cal. 515; Phil. Mech. Liens, 481, § 345.

Again, no case can be found where a lien has been adjudged, when the debtor had no interest or estate in the land. *Belding* v. *Cushing*, 1 Gray, 576; *Ombony* v. *Jones*, 19 N. Y. 241; *Beals* v. *Cong. Ben. Jes.* 1 E. D. Smith, 654; *Shaw* v. *Allen*, 24 Wis. 563; Phil. Mech. Liens, 15, 19, 546, 547, 673, 682; *Church* v. *Griffith*, 9 Barr. (Pa.) 117; *Redman* v. *Williamson*, 2 Iowa, 488; *Monroe* v. *West*, 12 Iowa, 119.

*D. B. Searle*, for respondents, cited as to the point that the building was affected by the lien, although it was not owned by the owner of the land, the following cases: *Ombony* v. *Jones*, 19 N. Y. 234–237; *Loonie* v. *Hogan*, 9 N. Y. 440; *Mandeville* v. *Reed*, 13 Abb. Pr. 177; *Brinckerhoff* v. *Board of Education*, 2 Daley, (N. Y.) 452; *Corkwright* v. *Thomson*, 1 E. D. Smith, 663; *Carpenter* v. *Leonard*, 5 Minn. 119, 130, (155, 167;) *Cent. Law Jour.* April 6, 1877, p. 332.

GILFILLAN, C. J. The statute creating and regulating mechanics' liens (Gen. St. *c.* 90) provides:

"Section 1. Whoever performs labor, or furnishes materials or machinery for erecting, constructing, altering or repairing any house, etc., by virtue of a contract or agreement with the owner or agent thereof, shall have a lien to secure the payment of the same upon such house, etc., together with the right, title and interest of the person owning such house, etc., on and to the land upon which the same is situated," etc.

"Section 7. Any person entitled to a lien under section 1 aforesaid shall make an account in writing of the item of labor, skill, material and machinery furnished, or either of them, as the case may be, and after making oath thereto, within one year after the time of performing such labor and skill, or furnishing such material and machinery, shall file the

same in the register's office of the county in which such labor, skill and materials have been furnished, which account, so made and filed, shall be recorded in a book to be provided separately by the register for that purpose, and shall, from the commencement of such labor or the furnishing of such materials, and for two years after the completion of such labor or the furnishing of such materials, operate as a lien on the several descriptions of structures and buildings, and the lots of ground on which they stand," etc.

A form of oath or affidavit, which may be used to the account mentioned in section 7, is set forth in section 18. This form sets forth that the labor or material was performed or furnished under a contract with C. D., and "that the said C. D. was, at the time said contract was entered into, and said labor was performed, and said material was furnished, the owner of the house, [or other building,] and that said building is situate upon a certain lot of land owned by said C. D.," giving the description of it.

The objections made to the account and affidavit in this case are that it nowhere shows that Schatz, under a contract with whom the materials were furnished, was the owner of, or agent for the owner of the building; and it shows affirmatively that he was not the owner of the land on which it was constructed.

These objections are true in fact, and without deciding the effect in case of the latter, we think the first one is well taken. Section 1 of the statute gives no lien on a building for labor performed or materials furnished, except where performed or furnished by virtue of a contract or agreement with the owner or agent, and section 18 clearly contemplates that the affidavit to the account shall show that the labor was performed or materials were furnished by virtue of such a contract. Although the affidavit used to perfect the lien need not follow literally the form given in that section, and may be varied to suit the circumstances, yet it must, in matters of substance, conform to it. The three sections we have referred to, taken together,

show that the statutes intend that the record made by the claimant of the lien, and which is to operate as a lien, shall show, *prima facie*, that the party is entitled to the lien which he claims.

The account and affidavit in this case may be true in every particular, and yet the plaintiffs not be entitled to any lien.

Judgment reversed as to the defendant Girard, and judgment ordered for her on the finding of the court below.