CHARLES E. KELLER and another *vs.* MICHAEL HOULIHAN.

December 2, 1884.

Mechanic's Lien—Subcontractors—Affidavit.—The provisions of Gen. St. 1878, c. 90, § 18, as to the form and contents of the affidavit of claim for a mechanic's lien, apply equally to claims for liens in favor of subcontractors, under section 2, as to those in favor of the original contractors with the owners, under section 1 of the chapter.

Same—Statutory Form of Affidavit.—In either case the form of the affidavit given in section 18, although it may be varied to suit the circumstances of the case, must, in all matters of substance, be followed.

Same—Affidavit held Defective.—Hence an affidavit to an account in a claim for a lien under section 2, for materials furnished for erecting a house, which omits to state to whom they were furnished, or that the building was erected under a contract with the owner of the land, or with his consent, is fatally defective.

Action to enforce a mechanic's lien against land and the buildings thereon, belonging to defendant, in the city of St. Paul. The complaint alleges the furnishing of lumber and material by plaintiffs, as partners, to one Potter, to be used, and which were used, in the house in question, which Potter was then engaged in constructing under a contract with defendant, the owner. At the trial, before *Brill*, J., it appeared that the affidavit for lien stated "that between the first day of June, 1882, and the fifth day of August, 1882, said C. E. Keller & Co. furnished the lumber and material described and set forth in the account hereto attached, for the purpose of constructing, and the same was actually used in the construction of, that certain house and other buildings, which are owned by Michael Houlihan and are situated on the following described lot and tract of land in the city of St. Paul, in Ramsey county, Minnesota, to wit," (describing it,) "which then was and still is owned by him. That said lumber and material was furnished and delivered at the time and dates in said account stated, and was of the value charged therefor and set opposite the several items thereof in said account, and was in all reasonably worth and of the full value of $709.65, and nothing has ever been paid said C. E.

Keller & Co. on account thereof except the sum of $300, which was paid by said Michael Houlihan, on the 27th day of September, 1882. That there remains unpaid on account of said lumber and material the sum of $409.65, and interest thereon from August 4, 1882, for which amount the said C. E. Keller & Co. claim a lien upon the said house and buildings and" (the land before described,) "on which said house and buildings stood, together with the right, title and interest the said Michael Houlihan had therein on June 2, 1882, and at any time thereafter."

The affidavit contained nothing else in regard to the furnishing of the lumber, etc. It was made September 29, 1882, and filed, with the itemized account referred to in it, on the same day.

The court held the affidavit insufficient, because not showing that there was any contract for construction of the house, nor any contract for furnishing the materials for which the lien is sought. Judgment was therefore ordered and entered for the defendant, and the plaintiffs appealed.

*John B. & W. H. Sanborn,* for appellants.

*Willis & Willard,* for respondent.

MITCHELL, J. This action is to enforce a lien against the real estate of defendant, under Gen. St. 1878, *c,* 90, § 2, for materials furnished by plaintiffs to one Potter for the construction of certain buildings which the latter had contracted with defendant to erect for him on the premises referred to. The only question is as to the sufficiency of the affidavit to account for a lien, filed in the office of the register of deeds. The material parts of the affidavit are that plaintiffs (at a time named) furnished the material described and set forth in the account hereto attached, (which is a bill of items and prices,) for the purpose of constructing, and the same was actually used in the construction of, that certain house and other buildings which are owned by Michael Houlihan, and are situated on the following lot, (describing it,) which then was and still is owned by him; that said material was of the value charged therefor, and set opposite the several items thereof in said account. The affidavit does not state to whom plaintiffs furnished this material, or with whom they made the contract under which it was furnished, or that the buildings, for the

construction of which it was furnished, were erected under any contract on the part of defendant with anybody, or with his assent. For aught that appears, the buildings might have been constructed by an entire stranger to defendant, and without his knowledge. In short, it in no way connects Houlihan with the construction of the buildings or the furnishing the material, by any contract, express or implied.

The question of the sufficiency of a statement for a lien is one that is to be determined entirely by what the statute requires. In the present case, in order to a full understanding of our statute respecting mechanics' liens, a brief reference to its history may be necessary. Prior to 1874 the statute (Gen. St. (1866) c. 90,) gave no lien except to those who performed labor or furnished material under a contract with the owner or his agent. Section 7 of this chapter provided for filing with the register of deeds a written account of the items of labor or material, verified by the oath of the party, and, in case the contract was *written*, accompanied by the contract or a copy. But this section nowhere specifies what this affidavit should contain. This was provided for by section 18, which gave a form that might be used "under this chapter," which, among other things, required an allegation that the labor was performed or the material furnished under and by virtue of a contract between the claimant and the owner. An examination of this form will show that it required a statement (in brief, and not with the fulness, perhaps, required in a pleading) of every fact necessary to entitle the party to the lien which he claimed, including that of a contract with the owner. The record made by the claimant must disclose *prima facie* a valid lien. This court has so construed it, and held that the form given in the statute, although it may be varied to suit the circumstances, must, in all matters of substance, be followed. *Clark* v. *Schatz*, 24 Minn. 300.

In 1874 (chapter 69, Laws 1874) section 1 of chapter 90, was amended so as to give a lien to subcontractors on railroads for labor performed or material furnished by virtue of any subcontract with an original contractor with the owner. Section 7 of chapter 90 was also amended so as to provide for the filing of the account in case of a railroad with the secretary of state, and the provision as to filing the contract, when in writing, was amended so as to read "contract or

subcontract," so as to make it correspond with the amendment to section 1. But section 7 still omitted to state what the affidavit to the account should contain. This was still left to be governed by section 18, which remained unamended, and by its terms applicable to all cases under this chapter. By section 2, chapter 3, Laws 1878, (Gen. St. 1878, *c.* 90, § 2,) the right of lien was extended to all persons who performed labor or furnished material for the construction or repair of buildings, etc. As construed by this court in *O'Neil* v. *St. Olaf's School*, 26 Minn. 329, this was intended only in favor of those who contribute by labor or material to the erection, alteration, or repair of any house, etc., *which the owner has contracted to have erected, altered, or repaired.* This act (Gen. St. 1878, *c.* 90, § 6,) made provision, when a lien was claimed under section 2, for filing an account, verified by affidavit, of the items of labor performed or material furnished, and the value thereof, accompanied by a copy of the contract (that is, the contract between the claimant and the party with whom he contracted) in case the contract was in writing. This does not materially differ from the provisions of section 7, which applies to cases of liens in favor of the original contractor under section 1. Section 6, equally with section 7, is silent as to what the affidavit shall state. Section 18 was, however, still left in force without amendment. As this section was enacted when the right to a lien was given only to those who had contracted directly with the owner, some parts of the form given, if taken literally, would only apply to such cases. But if it does not apply in its substance, *mutatis mutandis*, to cases under section 2, as well as those under section 1, we have nothing governing the former except section 2 itself, which provides for nothing and refers to nothing except an account of the items of labor or material, and the value thereof. There is nothing in it requiring the affidavit to describe the premises on which the building was erected, or to state who the owner was, or for whom the labor was performed or the material furnished, or with whom the contract was made. A statement omitting all these would be so meagre that it would perform none of the offices which the making and filing of such statements were designed to accomplish. But there is in our judgment no other alternative. If section 18 in its substance does not apply to cases

under section 2, this meagre statement would be sufficient. If section 18 does apply, it must be substantially complied with.

Upon an examination of the whole statute, our conclusion is that section 18 (changes in form being made to suit the circumstances of each case) applies equally to all cases under this chapter, and that it is necessary in cases coming under section 2, equally as in those under section 1, that the affidavit should state all the facts necessary to show that the party has, *prima facie*, a valid lien. Among these is the fact that the owner has contracted for the erection, alteration, or repair of the building upon which the labor was performed, or for which the material was furnished. As before remarked, these facts need not be stated with the formality or precision necessary in a pleading; neither is it necessary that the claimant should set out at length any contracts except his own when in writing. But he must in some way connect the owner with the work, so as to create a liability on his part under section 2.

In this case the affidavit should have shown that the affiant furnished the material under and by virtue of a contract with Potter, and that Potter was constructing the building under a contract immediately or mediately with defendant. For the lack of these, the affidavit of account in this case was fatally defective.

Judgment affirmed.