A. G. ANDERSON *vs.* HANS KNUDSEN and others.

February 5, 1885.

**Mechanic's Lien—Insufficient Affidavit.**—*Clark* v. *Schatz*, 24 Minn. 300; *Rugg* v. *Hoover*, 28 Minn. 404; and *Keller* v. *Houlihan*, 32 Minn. 486, followed as to requisites of an affidavit filed to secure a mechanic's lien.

This action was brought in the district court for Brown county, to enforce a mechanic's lien for materials furnished and used in erecting a dwelling-house. The affidavit for the lien, a copy of which was made a part of the complaint, was in the following words, viz.:

(Venue.) "A. G. Anderson affirms and makes oath and says that he is, and during all the times mentioned in the account hereto annexed was, doing business in the village of Burns, in the county of

Brown, and state of Minnesota, as lumber dealer. That the annexed is a true and correct account of the labor performed and material furnished by said A. G. Anderson to and for M. Howard, contractor, at said county, and the prices thereof set forth in the account hereto annexed are just and reasonable, and the same is unpaid except as mentioned in said account. That said labor was performed and material was furnished for said M. Howard at the time in said account mentioned, under and by virtue of a verbal contract between A. G. Anderson, this affiant, and said M. Howard, and for erecting a certain building to be used as a dwelling-house. And affiant further makes oath and says, that one Hans Knudsen was, at the time said contract was entered into and said labor was performed and said material was furnished, the owner of said building, and that said building is situate upon a certain lot of land owned by said Hans Knudsen in the village of Springfield, (formerly called Burns,) in said county of Brown and state aforesaid, described as follows (describing the land)   *   *   * and this affiant claims a lien on the premises.

"A. G. ANDERSON."

[Jurat.]

The defendants Knudsen and wife demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action against them, and argued that the above affidavit is fatally defective as it does not state that the building was erected under any contract between defendant Howard and defendant Knudsen. The demurrer was overruled by *Webber,* J., who held that such allegation was not necessary in the affidavit, and that it was sufficient that it should be in the complaint.

Thereupon the defendants, on November 8, 1883, moved upon the pleadings for a dismissal of the action, upon the ground that more than one year had elapsed since the making and filing of the affidavit for a lien, and that the lien had ceased to have any effect or validity. The date of the last item in the account is May 27, 1882. The affidavit and account were made on July 19, 1882, and filed on July 20, 1882. This action was commenced by service of the summons on December 4, 1882.

The court, *Webber*, J., presiding, granted the motion upon the ground that Gen. St. 1866, *c.* 90, § 8, was repealed by Laws 1878, *c.* 3, § 6, and the plaintiff appeals from the judgment of dismissal.

*Chas. C. Willson*, for appellant.

*J. M. Thompson* and *M. C. Robertson*, for respondents.

GILFILLAN, C. J.  The ground upon which this action was dismissed is not tenable, as held by this court in *North Star Iron Works Co.* v. *Strong, ante*, p. 1, decided at the present term.  But a right decision or determination of a case will not be reversed because made upon a wrong reason.  The same disposition as was made of the case would have to be made on the ground that the complaint does not state a cause of action, and the defect is one that manifestly cannot be cured by amendment.  The complaint is for a mechanic's lien, and has attached to it, as an exhibit, a copy of the account and affidavit filed to secure the lien.  The material for which the lien is claimed was furnished to one not the owner of the lot or building, and the affidavit does not in any way connect him with the owner, as by a statement that he was erecting the building under a contract with him or with his consent.  It fails to show *prima facie* a right to a lien, and is therefore fatally defective, within the rule laid down in *O'Neil* v. *St. Olaf's School*, 26 Minn. 329; *Clark* v. *Schatz*, 24 Minn. 300; *Rugg* v. *Hoover*, 28 Minn. 404; and *Keller* v. *Houlihan*, 32 Minn. 486, decided at this term.

Judgment affirmed.