J. B. DYE and others *vs.* SARAH L. FORBES and another.

July 11, 1885.

Sufficiency of complaint upon demurrer considered.

**Executory Agreement for Mortgage—Specific Performance—Damages.**—A contract for the construction of a house for the defendant F., upon her land, provided that upon the completion of the house F. should secure certain deferred payments of the contract price by a mortgage upon the property, running to these plaintiffs. After the plaintiffs had become entitled to the mortgage security, they then also owning the debt to be secured, F., without consideration, mortgaged the property to the defendant McK. *Held,* that the contract contemplated that F. should not, before giving the promised security, voluntarily charge the property with other incumbrances; that plaintiffs were entitled to a specific performance of the contract, and to an adjudication declaring the prior mortgage of McK. to be subject to the plaintiffs' security; or, as against the defendant F., the plaintiffs may recover damages for breach of the contract, in which case the measure of damages would be *prima facie* the amount of the debt.

**Mechanic's Lien—Guarantors of Contract.**—A mechanic's lien statement filed by plaintiffs, alleging the furnishing of labor and material by them under a written contract between themselves and the defendant, a copy of which is made a part of the lien statement, and which, upon its

face, shows that the plaintiffs were not parties to the contract, but merely guarantors, *held* insufficient to effect a statutory lien. The lien record must show *prima facie* a right on the part of the claimant to impose a charge upon the property.

Pleading.—Complaint insufficient to sustain an action to enforce a mechanic's lien, sustained against demurrer, because stating a cause of action for specific performance.—[*Rep.*

Appeal by defendants from an order of the district court for Waseca county, *Buckham*, J., presiding, overruling a demurrer to the complaint.

*P. McGovern*, for appellants.

*Collester Bros.*, for respondents.

DICKINSON, J. Appeal from an order overruling a demurrer to the complaint. The asserted claim of the plaintiffs arises from the performance of a contract made in September, 1883, in writing and under seal, in which one Davis and the defendant Forbes are named as the contracting parties, and which was executed by them. We shall hereafter consider more particularly the effect of some of the provisions of this contract. For the present it is enough to say that by it Davis became obligated to construct a dwelling-house for the defendant Forbes upon her land, and to provide the material therefor, for the entire price of $1,211.54. Of this price $600 was to be paid presently; the payment of the remainder was postponed to a future time and is not yet due; the deferred payments were to be secured by a mortgage upon the house and land, which was to run to these plaintiffs. The complaint alleges the furnishing of labor and material by the plaintiffs, in the performance of this contract, to the amount of $1,359.77, the completion of the house, and the payment of $800 by the defendant, a balance of $559.77 being claimed as still unpaid, and the assignment by Davis to the plaintiffs of the debt and of all his rights growing out of the contract. It is further alleged that in July, 1884, which was after the completion of the house, the defendant Forbes fraudulently and without consideration executed a mortgage upon the property to the defendant McKenna, for the pretended consideration of $600, which has been re-

corded. The complaint also shows steps taken by the plaintiffs for the purpose of perfecting a statutory lien upon the property, to which we shall refer hereafter. The relief specifically prayed is an adjudication of the invalidity of the McKenna mortgage as against the plaintiffs' alleged lien; that a lien be adjudged in favor of the plaintiffs to secure the sum of $559.77, and for a sale of the property to satisfy the same.

The complaint does not contain a statement of facts showing that the defendant became liable for the payment of any greater amount than the price specified in the contract, $1,211.54. There are statements which suggest that there may have been some modification of the contract, or the furnishing of material or labor in addition to that originally contracted for; but no such facts are averred as show an enlargement of the liability expressed in the contract. Of the $1,211.54 it appears that $800 have been paid, leaving unpaid of the principal $411.54, of which $200 will not, by the terms of the contract, become due until November 15, 1885, and the remainder not until November 15, 1886. There is not, therefore, a present right of recovery of the debt, and, assuming that the plaintiffs have a statutory lien upon the property, it is not now enforceable.

But a right to relief of another kind is shown by the facts alleged in the complaint. Without considering particularly the peculiar provisions of the contract which forms a part of the complaint, we now observe that, by the terms of the contract itself, and by the alleged assignment from Davis to the plaintiffs, they have become the owners of the debt, entitled to payment when the debt shall mature, and are, as they have been since the completion of the house, entitled to a mortgage upon the property to secure the deferred payments.

The contract can only be fairly construed as importing that the mortgage to be executed as security when the house should be completed should be upon the property unincumbered by other charges voluntarily imposed by the defendant subsequent to the making of the contract. The executing of the mortgage to McKenna, after the making of the contract, and even after the contract had been fully performed on the part of the contractors by the completion of the house, and after the plaintiffs had become absolutely entitled to the

mortgage security, was clearly a violation of the contract, and of the rights of the plaintiffs. The fact alleged, that the mortgage was without consideration, would subject it to the superior equity of the plaintiffs. The defendant having, by the giving of the McKenna mortgage, disabled herself from executing to the plaintiffs such security as they were entitled to, no demand was necessary before seeking relief by action. Upon the facts alleged the plaintiffs are entitled to relief. They may have judgment for a specific performance of the contract respecting the giving of security, and, if the McKenna mortgage was without consideration, an adjudication declaring it to be subject to the plaintiffs' prior security. Or, if it shall appear that the McKenna mortgage is a valid security, the mortgagee having taken it in good faith and for a valuable consideration, the plaintiffs are at least entitled to damages as against the defendant Forbes for the breach of the contract, and, in that case, the measure of damages would be *prima facie* the amount of the debt still unpaid. *Barron* v. *Mullin*, 21 Minn. 374.

It is thus apparent that a cause of action is shown by the complaint, and the demurrer was properly overruled.

The question is, however, raised as to whether the plaintiffs are shown by the complaint to have a mechanic's lien upon the property, and we will consider it. The contract under which the lien is claimed is, unfortunately, obscure in respect to some of its provisions. A careful consideration of it, however, leads to the conclusion that it must be construed as the contract of Davis, and not of these plaintiffs, with the defendant. Davis and the defendant are named as the contracting parties, and they alone sign the instrument as such. Davis contracts in terms to build the house, and to furnish the material therefor. It is true that in the next sentence he contracts that these plaintiffs shall furnish the material. The only sensible meaning to be evolved from these provisions is that Davis shall procure the plaintiffs to furnish the material. After performance of the contract by Davis, the whole contract price is to be paid to him, although the security for the deferred payments is to run to the plaintiffs. The allegation in the complaint that by mistake the written contract required the price to be paid to Davis, while it had been agreed that it

should be paid to the plaintiffs, is of no effect. Facts are not alleged showing a right to have the contract reformed, nor is such relief sought.

Appended to the principal contract is an agreement, signed by the plaintiffs, which is alleged to have been executed contemporaneously with it, the whole being parts of one transaction. By its terms the plaintiffs "guarantee the performance of the above contract," and "agree to furnish the lumber and other material for building said house stated in the foregoing contract." As respects the constructing of the house, the plaintiffs obviously assumed no other obligation than that of guaranteeing the performance by Davis of his express agreement. In respect to the furnishing of material, the plaintiffs also stand, as to the defendant, in the position of guarantors, only, upon the contract of Davis; while with Davis they have contracted to furnish the material which he obligated himself to the defendant to procure.

Considering this contract as being the contract of Davis and the defendant, the plaintiffs sustaining no other contract relation to the latter than that of guarantors, it follows that the plaintiffs' claim of a statutory lien cannot be sustained. The lien statement was made, verified, and filed by them in their own behalf. It asserts a claim for labor and material alleged to have been furnished by them under a contract between themselves and the defendant, while the written contract to which we have referred, which is appended to the lien statement as a part of it, shows upon its face that the contract under which the lien is claimed was not in fact their contract; and, so far as appeared from the lien record, the plaintiffs had no more right to perfect a lien upon the property than had any stranger to the contract. We will not say that an assignee of a contractor may not file a lien; but if he can do so, the facts by which he becomes subrogated to the rights of the contractor must appear. The lien record must, upon its face, show a right on the part of the claimant to impose a charge upon the property. *Clark* v. *Schatz*, 24 Minn. 300; *Keller* v. *Houlihan*, 32 Minn. 486; *Anderson* v. *Knudsen*, 33 Minn. 172. There exists no subcontractor's lien. The attempt to perfect the lien was after the expiration of the time within which a subcontractor may

v.34m—2

file a lien; and even if the statement had been in form sufficient, no lien would have been effected.

But for the reasons previously stated the demurrer was properly overruled, and the order is affirmed.