O. C. MERRIMAN and others *vs.* W. W. BARTLETT, impleaded, etc.

February 18, 1886.

Mechanic's Lien—Subcontractor's Account for Lumber.—An affidavit and lien account filed by the plaintiffs to secure a subcontractor's lien upon property of B. for lumber sold to one H., and showing a sale of the lumber to H., "a contractor with B.," *held* a sufficient statement of a contract relation between H. and B. for the construction of the buildings in question, it being further stated that the lumber was sold to H. for B. and for use in the erection of such buildings, of which B. is alleged to have been the owner.

The plaintiffs brought this action in the district court for Ramsey county, to enforce a mechanic's lien for lumber furnished for and used in the erection of a house on the land of defendant Bartlett. It appearing that the lumber was furnished under a verbal agreement with the defendant Headley, who was erecting the house under a contract with defendant Bartlett, plaintiffs offered in evidence the affidavit and account referred to in the opinion, which were, on defendant's objection, excluded, on the ground that the affidavit does not show that there was any contract between Bartlett and Headley. On defendant's motion the action was then dismissed by *Brill*, J., and plaintiffs appeal from an order refusing a new trial.

The account was headed as follows, viz.: "Merriman, Barrows & Co. sold to J. J. Headley, for W. W. Bartlett." The affidavit avers "that the annexed is a true and correct account of labor performed and materials furnished by said firm for W. W. Bartlett, * * * that said labor was performed and materials furnished for said W. W. Bartlett * * * under and by virtue of a contract between

said firm and J. J. Headley, a contractor with said Bartlett, and for use in the erection of a certain dwelling-house and barn located on the premises hereinafter described; * * * that said W. W. Bartlett was * * * the owner of said dwelling-house and barn, and that the said buildings are situate upon a certain lot of land owned by said W. W. Bartlett," etc.

*Henry P. Herring,* for appellants.

*W. W. Bartlett, pro se,* for respondent.

DICKINSON, J. We are to consider the sufficiency of an affidavit filed with a statement of an account of lumber sold to one Headley by the plaintiffs, and for which they claim a lien upon the property of the defendant Bartlett, under Gen. St. 1878, c. 90, § 2. The defect assigned is that it is not stated in the affidavit that Headley was constructing the buildings, for the erection of which the lumber was purchased, *under a contract therefor with Bartlett.* We need only to refer to that part of the instrument bearing upon this point.

The account is stated as an account of lumber "sold to J. J. Headley, for W. W. Bartlett," and the affidavit avers that the same was "furnished for said W. W. Bartlett * * * under and by virtue of a contract between said firm [plaintiffs] and J. J. Headley, a contractor with said Bartlett, and for use in the erection of a certain dwelling-house and barn," described, and which, with the land upon which they were erected, are properly alleged to have been owned by Bartlett. The affidavit must state facts sufficient to show the existence of a lien, and hence, in cases falling under section 2 of the statute relating to subcontractors, it must disclose the fact that the person with whom the lien-claimant has dealt was a contractor with the owner of the property (or with some prior contractor with him) in respect to the work in the performance of which the claimant has furnished labor or material. *Keller* v. *Houlihan,* 32 Minn. 486, and cases cited; *Anderson* v. *Knudsen,* 33 Minn. 172. But it has also been considered that the same formality and precision need not be observed in the statement of the fact as would be required in a pleading. Id. Although with some hesitation, we have concluded that the affidavit before us is sufficient to fulfil the statutory requirement. The language as to Headley being "a contractor with said Bartlett" has

naturally the meaning that Headley had contracted with Bartlett for the erection of these buildings, when those words are considered with the statement with which they are connected, that the lumber was sold to Headley for Bartlett, and for use in the erection of buildings of which the latter was the owner. So construed, the statement is sufficient.

Order reversed, and a new trial ordered.