AMERICAN STEAM-BOILER INSURANCE COMPANY *vs*. AMHERST H. WILDER.

November 9, 1888.

**Insurance—Action for Premium—False Representation of Agent.—** When soliciting defendant's insurance, plaintiff's agent asserted that the "life clause," so called, made a part of the policy furnished by his company, was not contained in the policies issued by a certain rival company, knowing said assertion to be false. Said agent, however, invited defendant to examine and compare his proposed contract with that of the other company, leaving his blank form for that purpose. Subsequently defendant made application for and was insured in plaintiff's company. *Held*, that he could not refuse to receive the policy, and avoid his agreement to pay the premium therefor, because of said false statement.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action (brought to recover the premium for a policy of insurance against loss by explosion of a steam boiler) was tried before *Brill*, J., and a verdict directed for plaintiff.

*Lusk & Bunn*, for appellant.

*James J. McCafferty* and *Cornelius S. See*, for respondent.

COLLINS, J. The only defence which defendant has in this action is the claim that when plaintiff's agent applied for the risk covered by the policy of insurance issued by plaintiff, he falsely and fraudulently stated and represented that plaintiff's contract of insurance, when written up, contained a clause of great value to defendant, and which would not be found in contracts entered into by another company, in which defendant was then insured, and with which he preferred to transact business of that character. No complaint is made by defendant as to the form or value of the clause incorporated in the policy issued to him by the plaintiff. It is sufficient and satisfactory; but he claims that one of like import, more valuable because less restrictive, was a condition of the contracts entered into by the other company at the time plaintiff's agent solicited his risk; that said agent well knew the fact, and purposely deceived defendant by his assertion to the contrary. At the conclusion of the testimony

the trial court, stating its reasons therefor, directed a verdict for plaintiff for the full amount in controversy. It is the correctness of this order, and not the reasons impelling the court thereto, which we must now review. *Anderson* v. *Knudsen*, 33 Minn. 172, (22 N. W. Rep. 302.)

When plaintiff's general agent, Flaherty, called upon the defendant, seeking an opportunity to place insurance on his property, he was referred to Mr. Watkins as the person who attended to that branch of defendant's business, and with whom he should thereafter negotiate. At that time the property in question was covered by a policy, about to expire, in a rival company. It is undisputed that in the course of the conversation with Watkins, Flaherty asserted, among other things commendatory of the company he represented, that its policy contained a life clause, not to be found in the policies issued by the other company. This was untrue, for, although such a clause had been wholly omitted from the policy then in force upon defendant's property, it appeared in some previously issued by the same company to its other patrons. This was known to Flaherty, and was not known to Watkins. The latter was given ample time to inquire into the matter, and was furnished by Flaherty with the blank used by plaintiff, with a request that he compare it with the policy issued by the other company. The settled case shows that Watkins retained possession of the blank for about 10 days, and then signed an application for insurance in plaintiff company, receiving in return, and immediately,—pending the preparation and delivery of a policy,—what is known as a "binding slip," thus becoming insured in an association perfectly solvent and reliable, so far as we know. The defendant makes no claim that he did not receive precisely what he was promised, all and exactly what he contracted for in the way of indemnity. It is not suggested that plaintiff company is not as trustworthy as the other, nor is it intimated that its policy does not as thoroughly protect defendant as would the policy of another. He simply urges that the agent's untruthfulness and false statement, when urging the good points and advantages of the contracts offered by his company, avoid and vitiate the bargain, and relieve him from a payment of the stipulated premium. It seems quite probable that

by means of the falsehood the plaintiff secured an advantage and obtained a risk to which it had no moral right; but this is not uncommon in business transactions, because rules of perfect morality are not regarded, nor could they be enforced. The law cannot attempt to rectify all wrongs of this character, and only interferes when craft and cunning are carried too far. In this case the agent was endeavoring to sell or dispose of an insurance policy in his company—was setting forth the advantages and value of its contract as compared with those of the other company. It should have been expected that he would praise and commend its good qualities, precisely as would a seller of goods. In fact, his statements were of the class known in commercial circles as "trade talk," and the case is analogous to those wherein one has been induced to purchase goods, having equal means of information, and being equally as well qualified to judge of the value, as the seller. The buyer, under such circumstances, is without redress, for it is understood that the seller's statements and commendations are to be received with great allowance and distrust. *Poland* v. *Brownell*, 131 Mass. 138.

Judgment affirmed.

DICKINSON, J., (*dissenting*.) I understand that the evidence tended to show that the representation in question, made by the plaintiff's agent, was that the Hartford company, in which the defendant was then insured, did not issue a policy embracing the feature of life insurance; that this was untrue, and was known to be so by the plaintiff's agent; that the defendant's agent, relying upon this representation and believing it to be true, allowed the existing policy in the Hartford company to be cancelled, and effected a new insurance with the plaintiff. I am not prepared to assent to the proposition that this did not constitute fraud.