Eugene O. McGlauflin and another *vs.* Emma A. Beeden, impleaded, etc.

August 19, 1889.

Contract of Sale Requiring Purchasers to Build — Mechanics' Lien on Vendor's Estate—Insufficient Statement.—B., as the owner of certain real property, entered into a contract with S. and J. substantially like that mentioned in *Hill* v. *Gill*, 40 Minn. 441.    S. and J. bought material of the plaintiffs herein with which to erect the dwelling-houses described in their contract with B., failed to pay for the same, and subsequently forfeited and surrendered all their rights in the lots and houses to said B.    Plaintiffs thereupon filed a verified statement for a lien, in

which they asserted that the material was furnished by plaintiffs under a contract with S. and J., who held a contract for a deed from the owner of the real estate, said B., "and for constructing three dwelling-houses," located on the premises;" and, further, that B. was the legal, and S. and J. the equitable, owners of the lots. There was no other allegation as to the purpose for which the material was furnished, nor was B. connected with the construction of the houses in any other manner. *Held,* that the affidavit for a lien was insufficient.

Appeal by defendant Beeden from a judgment of the district court for Hennepin county, where the action was tried by *Lochren,* J.

*Ueland, Shores & Holt,* for appellant.

*Millard F. Bowen,* for respondents.

COLLINS, J. January 14, 1887, the defendant Emma Beeden, as the owner of certain real property, entered into a contract with the defendants Schunstrom and Ephraim Johnson, whereby she agreed to sell and convey the same to them. But a small sum was paid at the date of the contract, the balance of the purchase price falling due June 1st following. As a part of this contract it was agreed that the purchasers should erect three dwelling-houses upon the premises, each of specified dimensions, by said 1st day of June, which dwellings were to be the absolute property of said vendor, as additional security for the payment of the purchase price, and to become forfeited, with all other improvements, if the contract of sale was not strictly complied with by the vendees. The plaintiffs in this action furnished materials to the latter, which were used in the erection of these three dwellings, and they now demand that the value of the same be adjudged a lien upon the real estate and its appurtenances as against defendant Beeden, the purchasing defendants having failed to comply with the terms of their contract, and having forfeited and surrendered all rights thereunder. It will be noticed by comparison that the facts herein do not differ materially from those presented to this court and considered quite recently, in *Hill* v. *Gill,* 40 Minn. 441, (42 N. W. Rep. 294.) The relief demanded was granted below, and an appeal is taken from the judgment, three distinct errors being assigned, of which we need consider but one. This is based upon an alleged defect in the affidavit for the lien, and it is apparent, we think, that the

point was not specially brought to the attention of the learned judge who tried the case.

That part of the affidavit which is criticised and declared insufficient is as follows, viz.: "That the annexed is a true and correct account of the labor performed and materials furnished by said McGlauflin & Burfening to and for Olof Schunstrom and Ephraim Johnson, at Minneapolis in said county; and the prices thereof set forth in the account hereto annexed are just and reasonable, and the same is unpaid. That said labor was performed and material was furnished for said Olof Schunstrom and Ephraim Johnson at the time in said account mentioned, under and by virtue of a contract between McGlauflin & Burfening, affiant, and said Olof Schunstrom and Ephraim Johnson, who held a contract for a deed from Emma A. Beeden, owner of the lots described herein, and for constructing three certain dwelling-houses, located on the premises hereinafter described. That said material was equally apportioned between said three dwelling-houses. And the affiant further makes oath and says that the said Emma A. Beeden was, at the time said contract was entered into and said labor was performed and material was furnished, the legal owner of said dwellings and lots described herein, and that said Olof Schunstrom and Ephraim Johnson were the equitable owners thereof, and that said buildings are situate upon certain lots of land owned by said Emma A. Beeden, legal owner, and said Olof Schunstrom and Ephraim Johnson, equitable owners, described as follows, to wit: Lots thirteen (13) and fourteen, (14,) in block four, (4,) in Wolverton's addition to Minneapolis, according to the plat thereof on file and of record in the office of the register of deeds in and for said Hennepin county, Minnesota. And this affiant, Eugene O. McGlauflin, of and for said firm, claims a lien on said premises."

It is firmly settled by the decisions of this court that, as the filing of the affidavit or verified statement operates as the creation of the lien, and also as a notice to all of its existence, it must show facts sufficient to fulfil the statutory requirements for a lien; that the record must disclose a valid lien, *prima facie;* that the statement must, upon its face, show a right upon the part of the claimant to impose a charge upon the property; and, in brief, that the lien affidavit must

in some way connect the lien claimant with the owner whose property rights are sought to be affected, in respect to the work in the performance of which the claimant has furnished labor or material. *Clark* v. *Schatz,* 24 Minn. 300; *Rugg* v. *Hoover,* 28 Minn. 404, (10 N. W. Rep. 473;) *Keller* v. *Houlihan,* 32 Minn. 486, (21 N. W. Rep. 729;) *Anderson* v. *Knudsen,* 33 Minn. 172, (22 N. W. Rep. 302;) *Dye* v. *Forbes,* 34 Minn. 13, (24 N. W. Rep. 309;) *Merriman* v. *Bartlett,* 34 Minn. 524, (26 N. W. Rep. 728.) Applying the rules established by these many cases and by which all affidavits for liens must be examined, we find that this lacks one of two essentials, and it is of little or no consequence, practically, which it may prove to be. It asserts that the material was furnished by plaintiffs under a contract with Schunstrom and Johnson, who held a contract for a deed from the owner of the real estate, the defendant Beeden, "and for constructing three dwelling-houses, located on the premises." It further states that Beeden was the legal, while Schunstrom and Johnson were the equitable, owners of the lots on which the houses were built. It must clearly appear from a verified statement for a lien that the material was furnished for the erection of the structure upon which the lien is claimed, or the statement is fatally defective. *Keller* v. *Houlihan, supra.* And from the other cases cited, as well as from what is said in *Meyer* v. *Berlandi,* 39 Minn. 438, (40 N. W. Rep. 513,) and in *Hill* v. *Gill, supra,* it is obvious that the lien affidavit must disclose facts sufficient, under circumstances like these, where it affirmatively appears that the persons to whom the materials were sold had a contract for the purchase of the land only,—a mere equitable interest in it,—to show that their vendor, the holder of the legal title, had in some manner authorized the erection of the houses. If she but sold and agreed to convey, this, of itself, would not subject her legal title to a lien for material or labor. If she directed the erection of the buildings and obligated her vendees to construct them, it should so appear in the affidavit as well as upon trial. Now, in the case at bar, if we treat the words last quoted as asserting that this material was furnished for the erection of the dwelling-houses,—and it is certainly nowhere else stated,—there is an omission in the affidavit to connect the defendant Beeden with either material or houses;

nothing to indicate that she was not an entire stranger to both. If, upon the other hand, we assume—what is perhaps the true construction—that the quoted words charge that Schunstrom and Johnson held a contract with Beeden for the erection of the houses, as well as for the purchase of the lots upon which they were to be placed; that they refer to their immediate, instead of their remote, antecedent,—we discover that there is a total absence of any allegation that the material was furnished for these houses. That part of the paragraph now under consideration cannot be stretched so as to perform double duty, to connect the defendant Beeden with the construction of the houses upon her lots by parties who held a simple contract of purchase, and at the same time to aver that the material was furnished for the erection of these houses. The affidavit is insufficient, and the judgment is reversed.