(72 N. W. Rep. 911.)

RED RIVER LUMBER COMPANY *vs.* CHILDREN OF ISRÆL, *et al.*

Opinion filed November 1st, 1897.

**Mechanic's Lien Notice Need Not State Name of Owner.**

> Under section 5476, Comp. Laws, a mechanic's lien is valid, although the notice of lien does not state the name of the owner of the land against which the lien is filed.

**Verification by Agent.**

> The statement required to be filed to secure a mechanic's lien may be verified by an agent.

**Sufficient Account.**

> The statement set forth in the opinion *held* to be in proper form, and to embrace a sufficient itemized account within the statute.

**Payments by Owner—Rights of Subcontractor.**

> The owner cannot, by payment to the contractor within the 60 days specified in section 5470, Comp. Laws, defeat the right of a subcontractor to a lien.

**Failure of Contractor to Complete Building.**

> Nor will the fact that the contractor does not complete the building affect the subcontractor's right to a lien.

**Notice of Lien—When Sufficient.**

> It is not necessary, under section 5470, Comp. Laws, for the notice of lien required by that section to be filed to set forth all the facts necessary to entitle a party to a lien. All that is required is that such notice shall embody the facts stated in section 5470.

**Failure of Clerk to Enter Lien Does Not Destroy It.**

> All that the claimant need do to perfect his lien is to file a just and true account of the demand due him, after allowing all credits, and containing a correct description of the property to be charged with a lien, and verified by his affidavit.
>
> The failure of the clerk to comply with the provisions of section 5477, Comp. Laws, does not affect the lien, which is perfected by the filing of the verified account under section 5470.

**Sufficiency of Description.**

> The case of Howe v. Smith, 6 N. D. 432, followed on the question of sufficiency of description in a mechanic's lien notice.

Appeal from District Court, Grand Forks County; *Templeton*, J.

Action by the Red River Lumber Company against the Congregation of the Children of Isræl, B. Friel, and others, to foreclose a mechanic's lien. From a judgment for defendants, plaintiff appeals.

Reversed, and rehearing denied.

*Cochrane & Feetham*, for appellant.

The mechanic's lien law is exclusively a creature of the statute. Phillips Mech. Liens, § 14. Our statute and that of South Dakota are the same. *Albrecht* v. *Smith*, 2 S. D. 577, 3 S. D. 632, and as there shown our statute is copied from Iowa and it is fair to presume that in adopting her statute we also adopted the construction placed upon it by her courts. 23 Am. & Eng. Enc. L. 433. It is held in Iowa that the lien need not be claimed against the owner of the land. *Welch* v. *McGrath*, 59 Ia. 519, 10 N. W. Rep. 810. When the account states substantially the facts required to be stated by statute and is duly verified it is sufficient. *Pinkerton* v. *LeBeau*, 3 S. D. 446. The claimant has fully complied with the statute in filing its lien and this is all the law imposes. *Haxton Steam Heater Co.* v. *Gordon*, 2 N. D. 254; *Hill* v. *Alliance Building*

*Co.,* 6 S. D. 160. Verification of the lien by an agent was suffi-
cient. *Fullerton* v. *Leonard,* 3 S. D. 118. Defendant's cannot
raise the question of plaintiff's capacity to sue. *Washburn Mill
Co.* v. *Bartlett,* 3 N. D. 138; *Wright* v. *Lee,* 2 S. D. 596.

*J. H. Bosard* for B. Friel.

*J. B. Wineman,* for the Congregation of the Children of Israel.

The statement for lien was defective in that it did not contain
the name of the owner of the land. 2 Jones on Liens, 1397, 1398.
Phillips on Mec. Liens, § 345; *Harrington* v. *Miller,* 31 Pac. Rep.
325; *West Coast Lumber Co.* v. *Newkirk,* 80 Cal. 275. And if the
owner of the land and of the building are different persons, the
name of the owner of the building should also be stated. 2 Jones
on Liens, § 1402; *Kezartee* v. *Marks,* 12 Pac. Rep. 406; *Allen* v.
*Rowe,* 23 Pac. Rep. 901. Plaintiff is a foreign corporation and
has not complied with the laws of this state entitling it to do bus-
iness, sue or be sued; § 3265 Rev. Codes, Ch. 193, Laws 1890;
§ § 3190, 3191, 3192, Comp. Laws.

CORLISS, C. J. Plaintiff has thus far been unsuccessful in its
efforts to establish an alleged mechanic's lien. The ground on
which the District Court based its decision that the lien was void
is the insufficiency of the notice of lien. This notice is claimed
to be defective, because it does not contain a correct statement as
to the owner of the property. The legal title was, at the time the
lien was filed, in the defendant Griffith. Defendant the Congre-
gation of the Children of Israel was in possession of the premises
under a contract with Griffiith to purchase such property. The
agreement for the erection of the building on this land, for which
the plaintiff furnished materials, was made with the vendees in
this contract of purchase. Plaintiff sold the lumber which was
used in this structure, and for which it claims a lien to the person
with whom the vendee, the Congregation of the Children of
Israel, made the agreement for the construction thereof. It is
therefore a subcontractor under the statute, and, in determining
what facts the notice of lien must embody, we must turn to sec-
tion 5476, Comp. Laws, the statute in force when the notice of

lien was filed. That section is entirely silent on the subject of ownership. It is impossible to discover therein any requirement that the name of the owner of the land be set forth in the statement to be filed. All that is necessary under the section is that he should file "a just and true account of the demand due him after allowing all credits, and containing a correct description of the property to be charged with said lien, and verified by affidavit." This section was exactly, literally, and fully complied with by the plointiff. On this point there is no dispute; but it is insisted, and this contention was upheld by the lower court, that another section (5477) prescribing the duties of the clerk of court on receiving a notice of lien for filing has, in some way, not explained and to us inexplicable, injected an additional requirement into section 5476. This section provides that "the clerk of the District Court shall indorse upon every account the date of its filing, and make an abstract thereof in a book to be kept by him for that purpose, and properly indorsed, containing the date of its filing, the name of the person filing the lien, the amount of said lien, the name of the person against whose property the lien is filed, and a description of the property to be charged with the same." Although section 5476 required only certain facts to be specified to constitute a valid lien, it is claimed that the courts should ingraft upon this section another requirement, merely because the legislature, after it has declared what a valid notice of lien should contain, has instructed the clerk touching his duties in connection with such notice after it has been filed. It seems to us that this case illustrates a dangerous tendency on the part of courts to tamper with the plain import of statutory law, by reading into unambiguous statutes a conjectured meaning, which the legislature has excluded therefrom. The duty cast upon the clerk by section 5477 can in the great majority of cases be so performed that the name of the person against whom the lien is filed will appear in the abstract thereof which the clerk is directed to make by this section. In most cases, the public records, accessible to him, will

disclose the name of the owner of the legal title to the property; and, as a rule, it is against such an owner that a mechanic's lien is claimed. The mere fact that in a small percentage of cases it may be difficult or impossible for the clerk to ascertain the name of the persons against whom the lien is filed, unless the notice of lien states the name of such person, is no reason for holding that a statute which, in effect, declares that the name of the owner need not be inserted, should, by judicial legislation, be so amended as to require this very thing to be done. The notice in this case did in fact correctly state the name of the owner of the legal title. But the lien was not and could not be filed against his interest in the land, for he did not contract for or authorize the erecting of the building for which the plaintiff furnished the lumber for which the lien was filed. Had an innocent purchaser or incumbrancer dealt with the vendee in the contract of sale, relying upon what might perhaps be regarded as a statement in the notice of lien that the lien was claimed against the vendor's interest in the land, and not against the vendee's interest, it might be that the plaintiff would be estopped from setting up the lien as against such purchaser or incumbrancer. But no such question arises in this case. The contest is between the vendee in the contract of sale and the holder's of subsequent mechanic's liens on the property, on the one hand, and the plaintiff herein, on the other. There is no pretense that the holder of any lien has been misled, by the statement in the notice of lien that the vendor in the contract of sale was the owner of the land, into believing that the lien was filed against such vendor, and not against the vendee. The only question is whether the lien is valid. We hold that it is, nor do we regard the question as at all debatable. The case of *Welsh* v. *McGrath* (Iowa) 10 N. W. Rep. 810, is directly in point in support of our view.

It is urged that the plaintiff cannot maintain this action, because it is a foreign corporation, and the agent appointed by it, under the statute requiring such corporations to appoint agents on whom process can be served, had at the time the lumber was furnished

ceased to reside within the state. Since that time no other resident agent for this purpose has been selected by it. It is urged that it follows that the plaintiff, when the lumber was delivered, and when this action was commenced, and also when it was tried, was in the same position that it would have occupied had it never complied with the statute at all requiring the appointment of such an agent. We may concede this without affecting the plaintiff's right to maintain this suit. The question is settled in this state adversely to the contention of counsel for defendant. *Mill Co.* v. *Bartlett*, 3 N. D. 138, 54 N. W. Rep. 544. See, also, *Wright* v. *Lee*, 2 S. D. 596. 51 N. W. Rep. 706. There is no force in the claim that the lien was not filed in time. The trial court found that it was, and the evidence fully supports the finding.

It is urged that the notice of lien was not properly verified. An agent of the plaintiff swore to an affidavit in which he positively stated that, "under and by virtue of said contract, said Red River Lumber Company furnished lumber and materials for said frame church building as specified in the annexed account, at the respective dates, and at and for the respective prices specified in said account; that said account is a just and true account of the demand due him after allowing all credits and offsets under said contract for the lumber and materials aforesaid; that there is due and owing on said account to said Red River Lumber Company, after allowing all credits, the sum of five hundred sixty-seven 57-100 dollars, etc. Attached to the affidavit was an itemized account. That the verification could be made by an agent is clear. *Fullerton* v. *Leonard*, 3 S. D. 118, 52 N. W. Rep. 325. The form of the verification was sufficient. Nor is it material that in the itemized account the dollar mark was not used to differentiate dollars from cents. The separation of the two figures at the right hand from the other figures by a period indicates which of these figures represent dollars and which represent cents. Over each column stands the word "price," showing that money was intended to be expressed by the figures below.

It is immaterial whether or not Friel had been paid in full at

the time the plaintiff filed its lien. During the period of 60 days referred to in section 5470, the owner pays at his peril. It is only when the subcontractor suffers the 60 days to elapse without filing his lien that the owner can safely pay the contractor. If the subcontractor thereafter files his lien, it is good only to the extent that there is money still due the contractor under the contract. Section 5472. The fact that Friel may not have completed the building affords no answer to the lien of one who has furnished the materials which have actually gone into the building, under the contract between the owner and such contractor.

There is no force in the contention that the complaint is insufficient. We have examined the evidence bearing on the question of the application of the payments, and are satisfied that no payment has been made on the claim of the plaintiff against Friel for the lumber which was used in the construction of the building in question, except that for which plaintiff has given Friel credit.

It is insisted that in the itemized account there are no figures showing the year in which the lumber was sold and delivered. The month and day of the month are opposite each item, but there is no reference to the year except at the head of the bill. We regard this as sufficient. Moreover, it is apparent, when reference is made to the affidavit, that the lumber was furnished in 1892, as it is there stated that the contract made by Friel for the erection of the building was not made until October, 1892; and the affidavit was sworn to in February, 1893. The months named in the bill are October, November and December. They could not be such months in any year except 1892. It is apparent from the notice that the materials were not furnished before October 1, 1892, or after February, 1893; and therefore it is manifest that the several deliveries of lumber were in 1892, in the several months and on the various days named.

Without further dwelling upon points which appear to us to be plainly without merit, we declare that the judgment of this court is that the District Court shall set aside its judgment herein, and enter the usual decree of foreclosure of the plaintiff's lien,

which is established by this court as a valid lien on the premises described, for the sum of $567.57, with interest thereon from December 13, 1892, at the rate of 7 per cent. The rights of the other defendants are subject to such lien, and will be cut off by the foreclosure herein. The lien of the defendants Luke & Barnes is hereby established for the sum of $93.65, with interest from January 31, 1893. Plaintiff will recover costs in both courts. All concur.

### APPLICATION FOR REHEARING.

The petition for a rehearing herein must be denied. Counsel for respondent insists that it is necessary that the lien statement should show upon its face all the facts which entitle the appellant to a lien, and that, inasmuch as the statement filed by it fails to disclose facts which show that it has a lien upon the equitable interest of the respondent in the property, no lien was obtained by the filing of such statement. We are unable to find anything in our statute which sustains this contention of respondent's counsel. He confounds two entirely distinct questions. When one who claims a mechanic's lien is seeking to establish such lien upon a trial, he must prove all the facts which are necessary to bring him within the category of persons entitled to such a lien. But whether he has taken the necessary steps to transmute the inchoate right to a lien into an absolute legal incumbrance on the property is to be settled by reference to that provision of the statute which prescribes the acts to be done to accomplish this result. Having complied with such provision of the law, he has secured a lien, provided the other facts exist which bring him within the class of persons entitled to such a lien. The mechanic's lien law in force when the statement was filed by the appellant did not in terms or by implication require appellant to set forth therein all the facts necessary to give it a lien on the equitable interest of respondent in the property. On the contrary, it merely provided that the claimant should file "a just and true account of the demand due him, after allowing all credits, and containing a correct description of the property to be charged

with said lien, and verified by his affidavit." We have no power to add anything to this statute, as legislation is not our province.

The Minnesota cases cited by counsel for respondent arose under a statute radically different from ours. These cases are founded on the construction placed by the court on § 18 of Ch. 90 of the Minnesota statutes of 1878. That section, by setting forth a form to be used by the claimant in making out and filing his notice, was held by the court to require that all the facts necessary to show the claimant's right to a lien should be embraced therein. *Clark* v. *Schatz*, 24 Minn. 304; *Rugg* v. *Hoover*, 28 Minn. 407, 10 N. W. Rep. 473; *Keller* v. *Houlihan*, 32 Minn. 488, 21 N. W. Rep. 729; *Anderson* v. *Knudsen*, 33 Minn. 172, 22 N. W. Rep. 302; *Dya* v. *Forbes*, 34 Minn. 17, 24 N. W. Rep. 309; *Merriman* v. *Bartlett*, 34 Minn. 525, 26 N. W. Rep. 728; *McGlauflin* v. *Beeden*, (Minn.) 43 N. W. Rep. 86. That the peculiar holding of the Minnesota Supreme Court is based upon section 18, heretofore referred to, is apparent from the decisions in *Clark* v. *Schatz*, and *Keller* v. *Houlihan, supra*. In *Clark* v. *Schatz*, the court, after referring to sections 1, 7, and 18, said: "The three sections we have referred to, taken together, show that the statutes intend that the record made by the claimant of the lien, and which is to operate as a lien, shall show *prima facie* that the party is entitled to the lien which he claims." In *Keller* v. *Houlihan*, Judge Mitchell says: "The question of the sufficiency of a statement for a lien is one that is to be determined entirely by what the statute required. In the present case, in order to a full understanding of our statute respecting mechanic's liens, a brief reference to its history may be necessary. Prior to 1874 the statute (Ch. 40, St. 1866) gave no lien except to those who performed labor or furnished material under a contract with the owner or his agent. Section 7 of this chapter provided for filing with the register of deeds a written account of the items of labor or material, verified by the oath of the party, and, in case the contract was written, accompanied by the contract or a copy. But this section nowhere specifies what this affidavit

should contain. This was provided for by section 18, which gave a form which might be used 'under this chapter,' which among other things, required an allegation that the labor was performed or the material furnished under and by virtue of a contract between the claimant and the owner. An examination of this form will show that it required a statement (in brief, and not with the fullness, perhaps, required in a pleading) of every fact necessary to entitle the party to the lien which he claimed, including that of a contract with the owner. The record made by the claimant must disclose *prima facie* a valid lien. This court has so construed it, and held that the form given in the statute, although it may be varied to suit the circumstances, must, in all matters of substance, be followed." There was, in fact, no room for construction as to the meaning of the Minnesota statutes, as the form of notice set forth in section 18, contained statement of all the facts necessary to show that the claimant had a right to a lien. That section was subsequently repealed, and the law was thereafter very nearly assimilated to the statute involved in this case. Under this new statute, the Supreme Court of Minnesota held that a *prima facie* right to a lien need not be shown by the statement, and the earlier decisions were distinguished on the ground that they rested upon the explicit provisions of a statute requiring a claimant to set forth in the document filed all facts necessary to make out a *prima facie* case. *Hurlbert* v. *Basket Works*, (Minn.) 49 N. W. Rep. 521. In this case the court said: "The sufficiency of the lien statement is questioned, for the reasons—First, that it is not alleged therein that the materials and machinery were furnished by virtue of a contract with the owner of the property, or at his instance. * * * We deem the first of these objections to be not well founded, because the statute prescribes what should be set forth in the lien statement; and this does not embrace a statement that the furnishing of labor or material was by virtue of a contract with, or at the instance of, the owner of the property. Our former decisions, among which are *Clark* v. *Schatz*, 24 Minn. 300,

and *Keller* v. *Houlihan*, 32 Minn. 486, 21 N. W. Rep. 729, holding that such a statement was necessary, were based upon the express requirement of the statute then in force." That the Minnesota statute under. which this decision was rendered is practically the same as the mechanic's lien law involved in this case is evident from a comparison of the two statutes. See 2 St. Minn. 1891, § 4306. Other decisions are in harmony with our view. *Post* v. *Milles*, (N. M.) 34 Pac. 586; *Lumber Co.* v. *Gottschalk*, (Cal.) 22 Pac. Rep. 860; *Hauptman* v. *Catlin*, 20 N. Y. 247; *Osborn* v. *Logus*, (Or.) 42 Pac. Rep. 997. Indeed, we do not regard the question as debatable, and it is therefore a matter of little importance whether there is authority for or against our decision on this point.

It is claimed that the description of the land in the notice was not correct, and that, therefore, the notice is insufficient. The land was described as "Lots 2 and 4, Block 58, Budge & Eshelman's First Addition to the City of Grand Forks." As a matter of fact, the correct description of the land on which the building was erected is "Lots 2 and 4, Block 58, Budge & Eshelman's Addition to the City of Grand Forks." It is undisputed, however, there is no Budge & Eshelman's First Addition to Grand Forks City, but only a single addition, known as "Budge & Eshelman's Addition." Therefore the description in the notice did not accurately describe any other piece of property, and as it did accurately describe the property in question, with the simple addition of the word "First," the description was sufficient.

Since the decision in *Howe* v. *Smith*, 6 N. D. 432, 71 N. W. Rep. 552, the question whether the description was sufficient under the facts in this case is not open to debate in this court. It is also insisted that until the clerk of court has complied with the provisions of § 5477, Comp. Laws, no lien is established. This is not the law. The claimant obtains his lien by making and filing the statement mentioned in section 5470. Whether the clerk makes or omits to make the abstract required by section 5477 has no effect upon the lien which has already been acquired,

although it is possible that innocent purchasers and incumbrancers might be in a better position than the owner of the land with respect to such lien should the clerk fail to comply with the provisions of that section. That point however, is not involved in the case at bar. In support of our view, see *Smith* v. *Headley*, (Minn.) 23 N. W. Rep. 550.

We are unable to find any evidence in the case to justify the conclusion that $200 of the money paid by the contractor, Friel, to the appellant, was money paid to him by the respondent. It follows that the appellant was under no obligation to apply such payment to the account against Friel for the lumber furnished for the building he erected for the respondent. Neither party having made any application of this payment, the law applies it to the older item of the account of the appellant against Friel, he being indebted to appellant at the time of such payment for other lumber purchased and used by him in the construction of other buildings. After making such application, and after applying upon the proper account other payments made directly to appellant by the owner of another building erected by Friel (such money being paid on Friel's order upon such owner in favor of appellant,) we find that the balance due, and for which appellant is entitled to a mechanic's lien, in the sum of $551.78, with interest thereon since December 13, 1892, instead of the sum of $567.57. Whether the court should have rendered a decree adjudging that the rights of the defendant Griffith and the Union National Bank in the property are subject to the plaintiff's lien is a question in which the respondent, the Congregation of the Children of Isræl, has no interest. Besides, the defendants Griffith and the Union National Bank have made default, and have thereby confessed the allegations of the complaint that their interests in the property are subordinate to the appellant's mechanic's lien. This court is therefore bound to render the decree against them prayed for, and which they, by their silence, admit should be pronounced against them. The application for

a rehearing is denied, and the judgment is modified as to the amount as indicated in this additional opinion.   All concur.