HOWARD FLEMING *vs.* ST. PAUL CITY RAILWAY COMPANY.

August 24, 1891.

**Mechanic's Lien—Description of Property—Insufficient Statement.—**
The statutory requirement, that the affidavit for a mechanic's lien describe the property for the improvement of which labor or material may have been furnished, is not complied with by stating generally that it was for a line of street railway owned by the defendant in a city named, it appearing that the defendant had several lines of railway, to either of which such designation would be equally applicable.

**Same—Insufficient Designation of Person and Statement of Contract.—**The requirement that the affidavit state "to and for" whom labor or material may have been supplied, and the contract relation of the lien-claimant with such person, *held* not to have been complied with by a statement that material was furnished "to and for the construction of the St. Paul City Railway," at prices agreed upon between the plaintiff and a designated contractor with the St. Paul City Railway Company, the lien-claimant being a subcontractor.

Action brought in the district court for Ramsey county, to establish and enforce a lien for $5,102.68, upon a cable line of street railway

of the defendant. At the trial, before *Otis*, J., the verified lien-statement, filed by plaintiff in the registry of deeds, was offered in evidence, and, on defendant's objection, was excluded, the plaintiff excepting. On defendant's motion the action was dismissed, the plaintiff excepting; a new trial was refused, and the plaintiff appealed.

*Williams, Goodenow & Stanton,* for appellant.

*H. J. Horn,* for respondent.

DICKINSON, J. This is an action to enforce a mechanic's lien. This appeal presents questions as to the sufficiency of the lien-statement and of the complaint, under the statute in force prior to the enactment of the lien law of 1889. As respects the property sought to be charged with a lien, the complaint alleges the ownership by the defendant—a domestic corporation—of "certain lines of railway" in the city of St. Paul; that it entered into a contract with the New York Cable Railway Construction Company, a foreign corporation, whereby the latter agreed to construct "a line of railroad in said city for the defendant, and entered upon said work, and constructed a line of railway for said defendant, commonly designated as the 'cable-line road' of said defendant;" that the construction company purchased from the plaintiff a specified quantity of cement, which was purchased for the construction of the "cable-line road aforesaid," and which was used for that purpose. It is prayed that a lien be adjudged "upon all the line of railway of the defendant." The lien-account filed designates the cement as materials furnished and delivered to the defendant company, "and used in the construction of its line of railway in the city of St. Paul." The accompanying affidavit declares that it was furnished for the construction of the "St. Paul City Railway, at the city of St. Paul," and was used for that purpose; that the St. Paul City Railway Company was the "owner of a line of railway operated or to be operated in the city of St. Paul;" that the construction company was the original contractor for its construction; and that the plaintiff claimed a lien upon the said line of railway of the defendant. More briefly stated, it appears from the complaint that, the defendant being the owner of "*certain lines* of railway" in St. Paul, the construction company constructed for the defendant "*a line*

of railway" commonly designated its "cable-line road," for which the plaintiff sold to the contractor material which went into the construction of that line.   The lien-statement makes no allusion to that or to any particular line of road, and only refers in general terms to the road for which the material was furnished, and on which a lien is claimed, as being *the St. Paul City Railway, or a line of railway in the city of St. Paul owned by the St. Paul City Railway Company.*   In view of the fact that the defendant had several lines of railway to which such terms would be equally applicable, such language is not descriptive of the property for the improvement of which the material was furnished or upon which a claim of lien was asserted. The lien-statement was therefore insufficient under the statute in force when it was made.   The statute required a description or designation of the premises for the improvement of which labor or material may have been contributed and upon which a lien is sought to be imposed.   Gen. St. 1878, *c.* 90, § 18;  *Clark* v. *Schatz,* 24 Minn. 300; *North Star Iron-Works Co.* v. *Strong,* 33 Minn. 1, (21 N. W. Rep. 740;) *Keller* v. *Houlihan,* 32 Minn. 486, (21 N. W. Rep. 729;) *N. W. Pavement Co.* v. *Norwegian Seminary,* 43 Minn. 449, (45 N. W. Rep. 868.)

Read in the light of the facts of the case as stated in the complaint, the lien-statement is defective in another particular.   Although the section of the statute above cited, setting forth what the lien-statement should in substance contain, was not originally framed with a view to its application in the case of subcontractors claiming liens, yet it was held, after the law was so changed as to allow such liens, that this section was still to be followed even in such cases, with such changes as the circumstances might require, this section remaining unchanged, and embracing the only statutory direction as to the form or substance of the required affidavit.   *Keller* v. *Houlihan, supra.*   As indicated by that section, the affidavit should state "to and for" whom labor may have been performed or materials furnished by virtue of a contract between the affiant and such person, of which contract, if in writing, a copy should be given. In the case cited it was considered that the affidavit of a subcontractor was defective which did not show that he furnished the ma-

terial by virtue of a contract with the original or principal contractor. In this case it appears from the complaint that the material for which a lien is claimed was sold by the plaintiff to the contractor, the New York Cable Railway Construction Company, and no contract relation appears to have existed between the plaintiff and the defendant. But in the affidavit it is stated that the material was furnished and delivered "to and for the construction of the St. Paul City Railway," at prices agreed upon between the plaintiff and the construction company, (the contractor.) This does not show to and for whom the material was furnished, with whom the contract was made, except that the price charged was agreed upon between the plaintiff and the construction company. It is not alleged that there was any contract between the plaintiff and the construction company pursuant to which the material was furnished. It is not alleged that the material was furnished for the defendant company, but for the "railway" of the defendant; and, even if the averment be deemed to allege a furnishing to the defendant company, it is not stated that there was any contract therefor between the plaintiff and that company; and besides, as now appears from the complaint, the contract was not with that company, but with the contractor, the construction company. The decision last cited is decisive of this point, and the affidavit is held to be fatally defective. In so far as the statute prescribes what the affidavit should contain, it should be substantially complied with, especially as against the objections of a party who stands, as does the defendant, in the position of a surety for the contractor. It is sought to make its property answerable for the debt of the construction company.

Our conclusion is that the ruling of the court in refusing to receive the lien-account in evidence was right.

Order affirmed.