JOHN C. PERRY *et al. vs.* DULUTH TRANSFER RAILWAY COMPANY *et al.*

Submitted on briefs Jan. 8, 1894. Affirmed Jan. 30, 1894.

No. 8477.

**Mechanic's lien for work in grading a railway.**

One who lets his teams and teamsters to a subcontractor to do work in constructing a railway is entitled to a lien, under Laws 1889, c. 200, § 3.

Appeal by defendant, the Duluth Transfer Railway Company, from an order of the District Court of St. Louis County, *Charles L. Lewis,* J., made August 3, 1893, denying its motion for a new trial.

Between August 9, and September 24, 1892, D. Ballard furnished teams and teamsters to a subcontractor, Anthony Murphy, to do grading on the line of the Duluth Transfer Railway which runs from West Duluth southwesterly up the St. Louis river in the direction of Ironton. Murphy agreed to pay Ballard $4.50 per day for each team and driver. The work amounted to $409.05 and he was paid thereon $254.75. The Calumet Construction Company contracted with the Railway Company to construct this line of railroad. The Construction Company sublet this portion of the work to Folie, Grant and Guthrie. They contracted with Crowley & Eberling to do the grading and they sublet a section of the work to Anthony Murphy. On December 21, 1892, Ballard made a verified statement for a lien and it was duly recorded in the Registry of Deeds of St. Louis County and a duplicate in the office of the Secretary of State. Ballard afterwards assigned his claim to the plaintiffs, John C. Perry and Robert L. Cochrane and they brought this action to foreclose the lien. The Railway Company answered and the issues were tried and findings were filed July 7, 1893. The conclusions of law were that plaintiffs are entitled to judgment against Murphy for $154.30 and interest, that this sum is a lien on the line of railway and that it be sold by the Sheriff and the money realized be applied to pay the claim and all costs. The Railway Company moved for a new trial, but was denied and it appeals.

*J. L. Washburn* and *L. E. Judson, Jr.,* for appellant.

*A. H. Crassweller,* for respondents.

GILFILLAN, C. J.   It appears from the findings of fact that the Duluth Transfer Railway Company was constructing a line of railway, and let the contract for the work to the Calumet Construction Company; that the latter let the work, or a part of it, to Foley, Grant & Guthrie, and the latter let the work, or part of the work, so let to them, to Crowley & Eberling, who let the grading on a particular section—part of the work so let to them—to one Murphy, and one Ballard furnished Murphy teams and teamsters to do the grading, and Ballard filed for record a verified statement claiming a lien for the balance due him on "the Duluth Transfer Railway, a railroad in the county of St. Louis and state of Minnesota, and all telegraph lines, depots, bridges, fences, and other structures appertaining to such line of railway, and all franchises, privileges, and immunities, and all rights of way, of or appertaining to said Duluth Transfer Railway." Ballard afterwards transferred his claim and lien to plaintiffs, who bring this action to enforce it.

The defendant contends that Ballard was not entitled to a lien, because his claim was neither as a contractor (or subcontractor) or for skilled workmen or a material man or laborer.

The case comes under Laws 1889, ch. 200, § 3, which reads:   "Whoever performs labor, or furnishes skill, material or machinery for the construction, alteration or repair of any line of railway," etc., "shall have a lien to secure the contract price, or value of the same, upon such line of railway, telegraph line, depot, bridge, fence, or other structure appertaining to such line of railway," etc., "and upon all franchises, privileges and immunities, and all rights of way of or appertaining to any of the several lines aforesaid."

The purpose of the statute is to give a lien to any one who contributes labor, skill, or material in constructing, altering, or repairing a railway, pursuant to and in performance of a contract which the owner has made.   And whether one who, instead of undertaking part of the work at a gross price, and doing it through his servants, does it through the same servants, to be paid what it may be worth, is to be deemed a subcontractor, within the meaning of the act, or not, we do not see why he does not perform labor, within its meaning.   It would be a very narrow construction to hold that he must perform the labor in person, and that performing it through his servants or teams is not included in the act.   If one puts in a hundred

days of his servants' work, he contributes to performance of the contract which the owner has made to the same extent as by putting in a hundred days of his personal labor, and he comes equally within the spirit of the act. And it does not matter how many removes he may be from the owner, provided the work be such as the owner contracted for, and he connects himself by mesne contracts with that of the owner.

The defendant also objects to the lien statement on the ground of indefiniteness in the description of the property on which the work was done. It is claimed, first, that such indefiniteness appears on the face of the statement; but we think, on comparing clauses two (2) and four (4) of the statement, which are referred to to show the indefiniteness, and reading them together, it appears that the work was done on the railway itself, (distinct from its appurtenances,) though the lien is therein claimed on the railway and appurtenances as given by the statute. And it is claimed, second, that, as it states the work to have been done on the "Duluth Transfer Railway," it is indefinite, in view of what appellant assumes to be the fact,—that the company had several distinct lines of railway, to any one of which the designation was as applicable as to any other. And, it is argued, the case comes within *Fleming* v. *St. Paul City Ry. Co.*, 47 Minn. 124, (49 N. W. 661.) In that case the statement alleged the material was furnished for the construction of the "St. Paul City Railway, at the city of St. Paul." The company had in the city of St. Paul several independent lines of railway, and the court held the statement bad, because it did not state for which line the material was. furnished. The finding does not bring this case up to that. It is "that the defendant Duluth Transfer Railway Company is, and at all the times mentioned in said amended bill of complaint was, the owner of said line of railway, and of all the franchises and immunities and rights of way pertaining to the same, and was during all of the times mentioned in said amended complaint the owner of several different branches or spur lines of railway situated in said county of St. Louis, all known and operated by it under the name of 'Duluth Transfer Railway,' and all connected with, or intended to be connected with, the line upon which said work was done, or with lines connected, or intended to be connected, therewith." This makes one railway, though composed in part of differ-

ent lines, branches, and spurs, all connected in one railway or system,—very different from a case where there are several separate and independent lines, as in the Fleming Case.

It is not assigned as error that the evidence does not sustain this finding, so it must be taken as it stands, and it does not support the claim that by reason of the fact the lien statement is indefinite in describing the property on which the work was done.

No objection of defendant on the trial presented the question, because all its objections to evidence were made before any evidence was in, tending to show more than one line of railway.

There are several minor assignments of error, but we find nothing in any of them.

Order affirmed.

(Opinion published 57 N. W. Rep. 792.)