COUPER et al. v. GABOURY et al.

(Circuit Court of Appeals, Fifth Circuit. May 21, 1895.)

No. 362.

MECHANICS' LIENS—RAILROAD CONTRACTORS—FLORIDA STATUTES.

The Florida statute of June 3, 1887, which gives a superior lien to any persons "who shall perform any labor upon or for the benefit of any railroad," etc., is to be construed as extending its benefits to a railroad contractor who has furnished work and labor for construction, as well as to those actually performing labor.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

This was a suit by Gaboury, Armstrong & Co., contractors (J. King joining as assignee of the account), against the Arcadia, Gulf Coast & Lakeland Railroad Company and the De Sota County Bank, as mortgagee of the railroad company, to enforce a lien alleged to arise under a construction contract. Numerous parties intervened, setting up claims against the railroad company, and the cause was referred to a special master. The master, among other things, found in favor of the lien set up by complainants, and an exception to this finding was overruled by the court, and a decree entered accordingly. From this decree appeals were taken by W. P. Couper & Co., interveners, and by Ziba King, receiver of the De Sota County Bank. In overruling the exceptions, LOCKE, District Judge, delivered the following opinion:

The only question in this case that seems to demand a very careful investigation is whether or not section 2 of chapter 3747 of the Laws of Florida (the act of June 3, 1887), which gave a lien to any person performing any labor upon or for the benefit of any railroad, gave a lien to a contractor who performed such labor by others. At the time the contract in this case was made this act was in force. Subsequently, by a special act, legislative commissioners were appointed to prepare and cause to be printed the laws of Florida then in force, and they prepared and caused to be printed and published what is known as the "Revised Statutes of the State of Florida," which were finally approved June 8, 1891. In this revision the commissioners, in section 1727 of such revision, provided that any person performing by himself or others any labor upon any railroad should have a lien upon the property of said road. It is under this provision that petitioner Couper claims a lien, his contention being that, as the law stood before revision, no contractor had a lien, but under the revision such right was given. There was no legislation upon this subject in order to effect the change of right given under the statute, and, if such change was made, it must be held to be in violation of the intention of the legislature. The presumption is, therefore, that there was no change in the force and effect of the former statute, but the revision only more clearly and plainly expressed the intention in enacting the law of 1887. This revision and construction was approved by the legislature, very many members of which had been members of the legislature which had passed the original statute. This construction is supported by the language of the eighth section of the act of 1887, which provides that contractors or subcontractors shall furnish a list of all persons employed to the person having the work done, under the penalty of having such contractors' or subcontractors' lien barred. It is an elementary principle in the construction of statutes that the entire statute shall be considered together, and not one particular section of it; and, examining the second section of this law in the light of the language of the eighth section, it is impossible to conclude that it was the intention of the legislature to confine the benefits of such act to the wageworkers, excluding contractors, although the courts of numerous other states have given such construction to somewhat similar statutes. In the act of 1885 it is plainly seen that contractors or subcontractors were not considered as having a lien, but the eighth section of the act of 1887, which in all other respects takes the place of section 2 of the act of 1885, shows that that change was intentional, and treated contractors as entitled. Not only this, but the supreme court of Florida, in Trustees of Wylly Academy v. Sanford, 17 Fla. 163, has plainly and clearly recognized the right of a lien in contractors. The exception to the master's report in this respect must therefore be overruled.

J. B. Wall, for appellants.

James B. Guthrie, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PER CURIAM. The question raised on this appeal is whether the act of June 3, 1887 (chapter 3747 of the Laws of Florida), gives to a contractor a lien upon a railroad upon which he has under contract furnished work and labor. We concur with the ruling and opinion of the court below in favor of such lien, and the decree appealed from is therefore affirmed.