Norman & Co. v. Edington, Groner & Griffiths.

NORMAN & CO. *v.* EDINGTON, GRONER & GRIFFITHS *et al.*

(*Knoxville.*   September Term, 1905.)

**RAILROADS.** Laborer's lien. Notice must be given by claimant himself, and not by assignee of claim.

Acts of 1891, ch. 98 (Shan. Code, secs. 3580-3586) provides, among other things, that every contractor, laborer, materialman, or other person or persons, who performs any part of the work in grading any railroad company's roadway, or who constructs or aids in the construction or repair of its culverts and bridges, or furnishes cross-ties, or masonry or bridge timbers used in the building of such railroad, or aids in the laying of its track, or who performs any valuable services of which any such railroad company receives the benefit, shall have a lien on such railroad for the value of such work and labor done, or material furnished, or services rendered; but to secure this lien such subcontractor, laborer, or materialman shall within ninety days after such work and labor is done, or such materials are furnished, or such services are rendered, notify in writing any such railroad company that such lien is claimed.

*Held*:

(1) That written notice to the railroad company within ninety days is an essential prerequisite to the enforcement of the lien given by the statute.

(2) The notice must be given by the subcontractor, laborers, or materialmen themselves, and the assignees of claims for work and labor done in the construction of a railroad cannot obtain the benefit of the lien provided by the statute, where their assignors had failed to give the required notice to the railroad company, although, subsequent to the assignment, and within the statutory period, the assignees themselves gave the notice to the railroad company of their intention to claim the lien as such assignees.

Act cited and construed: 1891, ch. 98.

Case cited and approved: Duncan v. Hawn, 104 Cal., 10, 37 Pac., ᛁ ·626.

Cases cited and distinguished: Couper v. Gaboury, 69 Fed. R., 7, 16 C. C. A., 112; Perry v. Duluth Transfer Co., 56 Minn., 306, 57 N. W., 792; Union Trust Co. v. Walker, 107 U. S., 596, 27 L. Ed., 490; Burnham v. Bowen, 111 U. S., 776, 28 L. Ed., 596.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— JOSEPH W. SNEED, Chancellor.

TEMPLETON, LINDSAY & TEMPLETON, for Norman & Co.

JOHN W. GREEN and CORNICK, WRIGHT & FRANTZ, for Edington, Groner & Griffiths *et al.*

---

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The single question raised by the facts found by the court of chancery appeals in the present case is whether complainants, as assignees of claims for work and labor done in the construction of the Knoxville, La Follette & Jellico Railroad Company, by the employees of an insolvent subcontractor, can enforce a statutory lien for these claims, where their assignors (the employees) had

failed to give notice to the railroad company of the fact
that they relied upon this lien for the security of these
claims, but subsequent to the assignments the complain-
ants themselves, as such assignees, gave this notice.

The answer to this question is to be found in the sta-
tute; for independent of this the assignors of complain-
ants, not being in privity with the railroad company,
would have had no right against its property, and, *a for-
tiori*, the complainants, as such assignees, would have
none.

The statute relied upon by complainants to sustain
their claim is found in chapter 98 of the Acts of 1891, p.
215. The first section of this statute creates the lien and
provides the remedy for the unpaid employees of a de-
faulting subcontractor who does work upon a railroad.
This section, subdivided, is carried into sections 3580,
3581, of Shannon's Code. Section 3580 provides as fol-
lows: "Every subcontractor, laborer, materialman or
other person, or persons, who performs any part of the
work in grading any railroad company's roadway, or
who constructs or aids in the construction or repair of
its culverts and bridges, or furnishes cross ties, or mas-
onry or bridge timbers . . . used in the building . .
. of such railroad . . . or aids in the laying of its
track . . or who performs any valuable services
. . . by [of ?] which any such railroad company re-
ceives the benefit . . . shall have a lien on such rail-
road . . . for the value of such work and labor done,
or material furnished, or services rendered, as hereinbe-

fore set out and specified . . . "Section 3581 is in the
following words: "But to secure this lien such subcon-
tractor, laborer, materialman, or other person or persons
rendering the hereinbefore mentioned services, shall
within ninety days after such labor and work is done
. . . or such materials are furnished, or such services
are rendered, notify in writing any such railroad com-
pany . . . that said lien is claimed . . . "

We think the terms of these two sections are so plain
as to require but little, if any, interpretation. Confess-
edly, the assignors of these complainants who did the
work and labor in question upon the roadway of the de-
fendant railroad company are within one of the classes
provided for in section 3581, and, their claims being un-
paid, they might have enforced a lien against the prop-
erty of the company for the satisfaction of these claims.
To do this, however, notice to the company, under the
terms of section 3581, was an essential prerequisite. And
we think that it was equally essential that this notice
should be given by the right party and at the right time.
To obtain the benefit of the lien given by section 3580, it
was necessary that parties relying upon such lien should
themselves give this notice. The provision of the statute
is that "such subcontractor, laborer, materialman, or
other person or persons, rendering the hereinbefore men-
tioned services," shall within ninety days, etc., notify in
writing, etc. We see no reason for bringing an assignee
of such laborer within the spirit or the letter of this sta-
tute by judicial construction than there would be for ex-

tending the time for the giving of the notice beyond the period of ninety days therein prescribed. In each of these particulars the statute is free from ambiguity.

We are unable to find, as is urged by the counsel of the complainant we should, anything in the terms, "or constructs, or aids in the construction," or, "by which any such railroad receives the benefit," found in section 3580, which authorizes a court to give the benefit of this statute to one who acquires the claim of a laborer secured by an inchoate lien, as in the present case, and who subsequently undertakes to convert this into a fixed lien by giving the notice.

Complainants, through their counsel, rely for authority to support their contention upon a class of cases of which *Couper* v. *Gaboury,* 69 Fed., 7, 16 C. C. A., 112, and *Perry* v. *Duluth Transfer Co.,* 56 Minn., 306, 57 N. W., 792, are two, which hold that, under statutes providing for liens in favor of persons who "perform" labor, a person, such as a contractor, who furnishes the labor of his employees in doing the work, is to be considered as the one who did the work, and, as such, entitled to the lien. These authorities, however, cannot avail complainants, for the notice which they gave to the railroad company, and upon which they must stand, is that of assignees of laborers who did work in the construction of its roadway. In these notices there is no suggestion that complainants claimed the lien as the furnishers of labor through their employees, but, to the contrary the company is notified that they rest their claim for the secur-

ity of this lien upon the assignments made to them by the laborers, whose names, with the amounts due to each, are tabulated therein. In addition, it is found as a fact by the court of chancery appeals that they did not furnish labor, but acquired their claims by dealings with the laborers.

Complainants also rely upon *Union Trust Co.* v. *Walker,* 107 U. S., 596, 2 Sup. Ct., 299, 27 L. Ed., 490, and *Burnham* v. *Bowen,* 111 U. S., 776, 4 Sup. Ct., 675, 28 L. Ed., 596, as authority for their insistence. An examination of these cases discloses, however, that they did not involve the question of either a common-law or statutory lien, but in both of them the court recognized and applied the now familiar rule that in equity the earnings of a railroad in the hands of a court's receiver constitutes primarily a fund for the payment of expenses incurred in its operation, and, if they be diverted for the betterment of the railroad, or in any other way to the benefit of the holders of the mortgage debt, then out of the proceeds of the sale of the property, to the extent of such diversion, parties who have contributed labor or money to the operation of the road by the receiver will be provided for, and in the first of these cases an assignee of such a claimant was given the benefit of this equitable rule.

Neither of these cases, nor any other, to which we have been referred, raises the question we are here considering; that is, whether an assignee of laborer's claim under such a legislative enactment as ours can perfect

an inchoate lien by giving notice as assignee after he had acquired the claim.

After all is said each case depends upon the terms of the statute under which it arises. The result is that opinions of other courts based on statutory provisions, either unknown to the tribunal dealing with the case in hand, or, unlike those which control it, are of but little value as authority. It is true, however, that a majority of the courts hold that a lien like the one created by this statute is so far personal that in the absence of statutory authority there can be no assignment of the right to perfect or create it. It is said in *Duncan* v. *Hawn,* 104 Cal., 10, 37 Pac., 626: "Until perfected by filing the proper notice, it is a mere inchoate right, personal to the individual, which he may choose to perfect or not, at his pleasure, and which until perfected has no tangible existence as property, and, of course, as such is not the subject of transfer." It would no doubt be otherwise with regard to the assignment of a claim the lien for the security of which had already been fixed by a statutory notice given within the proper time by the assignor.

Other questions were made at the bar, but these were answered by the facts found by the court of chancery appeals, leaving the one we have been considering as only open for discussion. We are satisfied that the holding of that court on this question is correct, and in all things its decree is affirmed.