H. ALDEN SMITH and another *vs.* JAMES J. HEADLEY and another.

May 25, 1885.

**Mechanic's Lien — Claiming Lien on Too Much Land.**—*North Star Iron Works* v. *Strong, ante,* p. 1, followed, to the effect that the designation in an account filed for a mechanic's lien, of more land than the party may be entitled to a lien upon, does not vitiate the lien.

**Same—Sufficiency of Affidavit.**—It is not necessary, in the account and affidavit filed to preserve such a lien, to state that the party claims a lien.

**Same—Failure to Record.**—The failure of the register to record the account and affidavit filed does not affect the right to a lien.

**Same—Description of Material—Use of Abbreviations.**—Where the lien is claimed for materials furnished, and there is a sufficient general designation or description of each article, the addition, by way of more particular description, of letters or abbreviations not commonly understood by persons not in the business of furnishing such material, does not vitiate the account.

**Same — Absence of "Dollar-mark."**— *Gutzwiller* v. *Crowe,* 32 Minn. 70, followed as to what, in figures representing prices or values, sufficiently designates dollars and cents.

**Same.**—Evidence *held* sufficient to sustain the findings of fact.

Action to enforce a mechanic's lien, brought by plaintiffs, as part-

ners, in the district court for Ramsey county. The complaint, after alleging partnership, was as follows, viz.:

"That on and between the first day of July, 1883, and the ninth day of October, 1883, plaintiffs sold and delivered to the defendant Headley, at his special instance and request, goods, wares, merchandise and lumber of the agreed price and reasonable value of $738.05; no part of which sum has ever been paid, except the sum of $196.07. That there is still due and owing on account of said sale an unpaid balance of $541.98.

"That said goods, wares, merchandise and lumber were furnished as aforesaid in and for, and used in, the erecting and building of a certain dwelling-house, situated upon a certain piece or pieces of land situate in Ramsey county and state of Minnesota, and described as follows, to wit" (describing lots mentioned in the opinion) "and which said dwelling-house was being erected and built by said James J. Headley for said Nelson C. Thrall, under and by virtue of contract between said Headley and said Thrall defendants.

"That said premises are not included in the limits of any city, town or village plat, and said premises do not exceed forty acres in area. That the defendant Thrall was during all said times and now is the owner of said dwelling-house and said real estate on which said dwelling-house is situate.

"That on the seventh day of December, 1883, plaintiffs made an account in writing of the items of labor and materials furnished as aforesaid, and the value thereof, showing balance due, and thereupon, by said James T. Wyman, one of said plaintiffs, made oath to the correctness thereof; and on said seventh day of December, 1883, filed the same for record in the office of the registry of deeds, in and for said Ramsey county.

"Wherefore plaintiffs demand judgment," etc.

The answer, among other defences, alleged that the premises described were on July 13, 1883, and ever since have been the homestead of defendant Thrall.

On the trial before *Brill,* J., without a jury, the plaintiffs introduced in evidence the verified account, which was substantially in the following form, viz.:

v.33ᴍ—25

"MINNEAPOLIS, MINN., Oct. 18, 1883.

"*J. J. Headley, Del. to N. C. Thrall house, Merriam Park,*

Bought of Smith & Wyman.

"1883.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| "July 3. | 5 Wds. 32x38—2 Lt. 1¾ Gld., D. S. | | | | | | | | | |
| | 2 " 18x38—2 " " " S. S. | | | | | | | | | |
| | * * * * * * | | | | | | | | | |
| | (here follow about 90 items.) | | | | | | | | | |
| | 16 pine balusters 1¾. | | | | | | | | | |
| | Contract net - - - - | | | | | | | 593 | 00 | |
| "Sept. 4. | 350 ft. Mldg. No. 673, 2.00 - · - | | | | 7 | 00 | | | | |
| | "Disc. 40 per cent. - - | | | | 2 | 80 | | 4 | 20 | |
| | * * * * * * | | | | | | | | | |

The court found, among other facts, that plaintiffs made the agreement to furnish the materials on June 21, 1883, that the first of the material was furnished prior to July 13, 1883, and the last on October 9, 1883, that the material furnished was used in constructing the dwelling as alleged, and that the premises became the homestead of defendant Thrall on July 13, 1883. Judgment was ordered for plaintiffs, and defendant Thrall appeals from an order refusing a new trial.

*John W. Willis,* for appellant.

*E. C. Chatfield,* for respondent.

GILFILLAN, C. J. This action is to enforce a lien for materials furnished by plaintiffs to defendant Headley, for the purpose of, and which were used in the construction of, a house for defendant Thrall, and on his land, Headley being his contractor for such construction. On the trial the defendant Thrall raised objections to the complaint —*First,* by a motion for judgment on the pleadings; and, *secondly,* by objection to any evidence on the part of plaintiffs being received, for the reason that, as the defendant claims, the complaint does not state a cause of action.

One objection to the complaint is that while the statute gives a lien on only a single tract of land, in the complaint no lien is claimed against any particular tract of land, but a lien is claimed against several distinct lots, *i. e.,* several distinct tracts of land. The complaint alleges that the building is situated upon a certain piece or pieces of land described as "lots Nos. 7, 8, and 9, in block 8, of Merriam's re-

arrangement of blocks 7, 8, 9, 10, and 16, in Merriam's park, as the same is platted, filed, and of record in the office of the registry of deeds in said Ramsey county, Minnesota," and it claims a lien on the same. The statute (Gen. St. 1878, c. 90, § 2) gives the lien on the building, and the interest of its owner "on and to the land upon which the same is situated, not exceeding forty acres, and if erected within the limits of any city, town, or village plat, the lot of ground on which said house, mill, manufactory, or other building and appurtenances is erected, not exceeding in extent one acre." When erected within the limits of any city, town, or village plat, the words, "the lot of ground on which said house," etc., "is erected," are not to be construed so as necessarily to extend the lien to the whole of a city, town, or village lot, nor to limit it to one of such lots alone; for a building may be erected on only a part of a lot, the remainder of the lot being already covered by independent buildings with which the new one erected is not intended to have any sort of connection, in which case it is not to be supposed that the legislature intended by the words, "the lot of ground," to extend the lien over the part of the lot already covered by buildings. And so the building for erecting which the lien is claimed may cover the whole or a part of several lots. In cities such buildings are not uncommon. In such case it is not to be supposed that the lien is to be limited to one of such lots. It follows that the "lot of ground" to which the lien extends is not necessarily bounded by the lines of a city, town, or village lot; it may be less or it may be more than such lot, according to the character of the building, and the necessity of more land than that on which it stands for its proper and convenient use, and the situation of such other land. If the claimant claims, either in his statement filed for the lien or in his complaint, a lien upon more than he is entitled to, that will not invalidate his lien, nor affect his right to a judgment for so much as the court shall find that he is entitled to. *North Star Iron Works Co.* v. *Strong, ante,* p. 1.

Another objection to the complaint is that it does not appear from it that in the lien account filed the plaintiffs made any claim of lien; that is, it does not appear that the said account was a statement that they claimed a lien. There is such a statement in the form

given in the statute, (section 18, chapter 90,) and this court has held that in matters of substance the form must be followed; also that matters of substance are those facts which entitle the party to a lien on the premises described, and that the record, when made, must show *prima facie* that he is entitled to a lien. *Clark* v. *Schatz*, 24 Minn. 300; *Keller* v. *Houlihan*, 32 Minn. 486. The facts showing the right to a lien constitute all there is of substance in the form. That he claims a lien is not one of the facts that entitle him to it. He makes the claim by filing the account and affidavit. He need not state that he makes it in the account or affidavit.

Another objection to the complaint is that it does not state that the lien account filed was *actually* recorded. All that the party is required to do to preserve his lien is to file the verified account. Section 6. It is then the duty of the register to record it. To the failure to record no consequences are expressly attached, as is the case in respect to conveyances. In respect to conveyances, the record is the only thing that might operate as notice which the statute contemplates shall remain in the register's office; the original deed is not required to remain. But the original verified account, to preserve the lien, must remain in the office. Chapter 39, Gen. St. 1878, requires chattel mortgages to be filed, and prescribes (section 2) that the officer shall indorse on the mortgage or copy presented for filing, the time of reception, the number thereof, and enter in a book with an alphabetical index the names of the parties, the date, and amount secured, when due, date of filing, and number of the instrument. In *Gorham* v. *Summers*, 25 Minn. 81, the court held that the mortgagee was protected where he left the mortgage for filing in the proper office, although the officer failed to do what the law requires of him. This case is, on the point under consideration, analogous in principle to that. None of the foregoing objections to the complaint were well taken.

Defendant also made two objections to the filed account: one, that the items stated are not sufficiently described; the other, that no value is stated. We have looked through the account, and although there are letters and abbreviations added to the description of some of the items which might require some explanation, there is no item in which

the article is not so far designated that a person of ordinary business knowledge may understand what the article is; for instance, that it is a door, a sash, window-frame, or blind. In other words, there is a plain general description of each article, and to some are attached, manifestly for further and more particular description, letters or abbreviations, the import of which is not clear, except, perhaps, to one acquainted with the business. But the general description is sufficient, as it would enable any one interested to know what articles were claimed for, and to ascertain whether they were in fact furnished. In the account, in the place where the figures representing the value or price properly belong, are certain figures which were manifestly placed there to state the value or price. It is true, the "dollar-mark" is not used; but the figures are separated by a line, so as to show that those on the left were intended for dollars, and those on the right for cents, bringing the case within the decision of *Gutzwiller* v. *Crowe*, 32 Minn. 70.

There was sufficient evidence to justify the finding that the material furnished was actually put into the building; that it was all furnished under a contract made prior to the time when defendant made the place his homestead; and that the delivery of the material was commenced before that date, so that the lien antedated the homestead right.

Order affirmed.