JOHN PAUL *vs.* JOSEPH NAMPLE, impleaded, etc.

November 11, 1890.

**Mechanic's Lien Statement—Withdrawal from Register's Office after Record.**—Where a mechanic's lien is perfected by filing the account and affidavit required by the lien law, and the same are thereafter duly recorded in the office of the register of deeds, the subsequent withdrawal of the original verified account, so recorded, will not impair or affect the validity of the lien.

Appeal by defendant Nample (impleaded with Ernest Furchner) from an order of the district court for Pipestone county, *Perkins*, J., presiding, sustaining plaintiff's demurrer to defences in his separate answer to a complaint for the enforcement of a mechanic's lien for $175.

*E. C. Dean*, for appellant.

*F. L. Janes*, for respondent.

VANDERBURGH, J. The appeal in this case is from an order sustaining plaintiff's demurrer to two separate defences in the answer of the defendant Nample. The complaint is for the enforcement of a mechanic's lien, under Gen. St. 1878, *c.* 90, for lumber and building material, furnished and supplied for the erection of a house for the defendant on his land, under a contract with the defendant Furchner, who was the contractor for the erection of the same. The

first of the defences demurred to is that the defendant Nample had paid the contractor in full. It is admitted that this fact is insufficient to constitute a defence. The second, which must be held to be a separate defence, is that the account and affidavit referred to in the complaint, and necessary to perfect the lien, have been withdrawn from the record, and are not now on file in the office of the register of deeds. The complaint alleges that the plaintiff duly filed the verified account in question, and that it was recorded in the office of the register of deeds on the 17th day of September, 1889. The answer states that if the same was filed and so recorded as alleged, it was withdrawn from the files within two weeks of the filing thereof, and has never been returned to the register. The effect of the record was to perfect the lien upon the premises, which would continue until it expired by limitation, or was satisfied by payment of the claim or sale of the premises. Provision is made for its cancellation as in case of mortgages. After it was thus perfected, it could not be affected by a withdrawal from the register's office of the original account. What was said in *Smith* v. *Headley*, 33 Minn. 384, (23 N. W. Rep. 550,) was with reference to papers that were simply filed and not recorded, and has no application to a case like this.

Order affirmed.