### WELLINGTON W. AURAND

*v.*

### DAVID L. MARTIN *et al.*

*Opinion filed December 20, 1900.*

1. MECHANICS' LIENS—*contractor cannot file single lien for improvements on non-adjoining lots.* A contractor cannot file a single claim for lien for the whole amount due him for labor and materials furnished in the erection of houses on lots which are not adjoining or adjacent to one another.

2. SAME—*right of the court to apportion lien relates to improvements on adjacent lots.* Sections 1 and 17 of the Mechanic's Lien law of 1895, when construed together, authorize the apportionment of the lien and costs under an entire contract covering different buildings only when such buildings are erected upon adjoining lots.

*Aurand* v. *Martin*, 87 Ill. App. 337, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding.

RENNER & SMITH, for appellant.

A. A. WOLFERSPERGER, and F. E. ANDREWS, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant contracted with one Maxwell, on May 22, 1896, for the erection of three separate houses on three different lots in the city of Sterling, two of which adjoined, the third being about eighteen blocks distant, for a total price of $1818. Work was completed August 15, 1896. At the time of the contract Maxwell held deeds, or obligations for deeds, for all of the property, but subsequently, at different times, parted with all rights to different persons, the appellees here. On October 16, 1896, appellant, having received nothing on his contract,

filed a claim for lien with the clerk of the circuit court of Whiteside county, claiming a lien for $1818 on the three lots for the work done under his contract, but not reciting what buildings had been constructed upon each lot or apportioning the indebtedness between the lots, but claiming a lien for the entire sum due. Afterwards he filed his petition to enforce his lien, claiming a purpose on the part of Maxwell, in collusion with the other defendants, to defraud him, and introduced testimony tending strongly to show that as to one of the lots, at least, the persons now interested therein took with notice of his contract and rights thereunder. The court, on hearing, dismissed his bill with costs, and made an allowance of $125 solicitor's fee for defendants' solicitors. This decree was affirmed by the Appellate Court for the Second District.

On the question presented by this record we concur with the Appellate Court and adopt the opinion of that court as our own. That opinion is as follows:

"Under the Mechanic's Lien law as it existed prior to 1895, it was repeatedly held that the lien given to mechanics or material-men was purely statutory, and that one who failed to substantially comply with its terms and provisions could not take advantage of it. (*Buckely* v. *Commercial Nat. Bank,* 171 Ill. 284.) The law as it then stood provided that the person furnishing the labor or materials, etc., in building, altering, repairing or ornamenting any house, should have a lien upon the whole of the tract of land upon which such house or building and appurtenances stood, for the amount due him for such labor, material or services. (Hurd's Stat. 1893, chap. 82, sec. 1.) In *Buckely* v. *Commercial Nat. Bank, supra,* in construing that law, it was said, in speaking of a lien for a single amount for labor and material furnished for seven houses erected upon as many adjoining sub-lots, that 'each of these houses and lots being a separate and distinct piece of property, and the law being that appellants

could only enforce a lien against each for the work and material furnished on it, it would seem to follow that a reasonable compliance with the foregoing sections of the statute required appellants to in some way indicate in their statement the amount which they claimed against each.   Manifestly, the purpose of requiring the statement to be filed is that third persons dealing with the property shall have notice of the amount, nature and character of the lien, as well as the times when the material was furnished or labor performed, and thus enable them to know from the claim itself that it is such as can be enforced.'

"Section 1 of the revision of the Mechanic's Lien law of 1895 provides that any person furnishing labor or material, etc., for improving a lot, shall be known as a contractor, 'and shall have a lien upon the whole of such tract of land or lot and upon the adjoining or adjacent lots of such owner constituting the same premises, and occupied or used, in connection with such lot, as a place of residence or business, and in case the contract be entire, and relate to two or more buildings on adjoining or adjacent lots of the same owner, upon all of said lots and the improvements thereon, for the amount due to him for such material, fixtures, apparatus, machinery, services or labor.'

"Section 7 provides for the filing of the claim for a lien, duly verified, within four months after the last payment upon the contract shall have become due and payable, with the clerk of the circuit court of the county in which the premises are situated, 'which shall consist of a brief statement of the contract, the date the same was made, the date fixed therein or the time implied for completion and for final payment, and the date that the same was completed, if completed, the balance due after allowing all credits and a sufficiently correct description of the lot, lots or tract of land to pass the title thereof by deed of conveyance.'

"Section 17 provides that 'where the contract for material or labor is entire and relates to houses on different lots, the court shall apportion the amount of the lien and costs on each house and lot according to the value thereof, and direct the sale of each house and lot separately to satisfy the amount of the lien and costs apportioned against it, and if the same shall not sell for sufficient to pay such amount, shall order the deficiency paid out of the surplus proceeds of the sale of any other of said houses and lots covered by such lien.'

"Under this law, then, where the contract is entire and two or more buildings are built on adjoining or adjacent lots of the same owner, the contractor has a lien for the whole amount due him upon all of said lots, and in such case the court must apportion the amount of the lien and costs on each house and lot according to the value. Sections 1 and 17, when construed together, evidently provide for the apportionment of the amount of the lien and costs only in cases where the different lots on which the several houses are erected are adjoining or adjacent. We find nothing in the statute, as it now exists, authorizing a contractor to file a single lien for the whole amount due him for labor and material furnished in the erection of houses located on lots which are not adjoining or adjacent to one another. As appellant has failed to substantially comply with the terms and provisions of the statute in filing his claim for a lien against the lots in question, the same cannot be enforced. He could no doubt easily have apportioned the amount claimed to be due to him for the buildings erected upon the several lots, placing, if he so desired, the amount of the lien claimed upon the two adjoining lots in one amount, but having failed to do so, he cannot now justly complain."

The judgment of the Appellate Court for the Second District is affirmed.            *Judgment affirmed.*