HEMAN OSBORNE & another *vs.* FRANK D. BARNES
& another.

SAME *vs.* SAME.

SAME *vs.* SAME.

Hampshire. September 17, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien. Practice, Civil,* Appeal.

In a suit to enforce a mechanic's lien, it appeared, that the petitioner had contracted to build a house for a price named, one half to be paid when the shingles and clapboards were on and the other half when the house was finished. *Held,* that the contract did not stipulate for a credit inconsistent with the enforcement of the lien given by the statute and could not be construed as a waiver of it.

In a suit to enforce a mechanic's lien, it appeared, that in the same instrument in writing the petitioner agreed to build three houses one on each of three lots not contiguous, each for a price named. *Held,* that there were three contracts, one in respect to each of the houses, and the fact that they were contained in the same instrument *was immaterial to the enforcement of the separate liens which* the statute gave for each house.

In a suit to enforce a mechanic's lien, it appeared, that the alleged owner of the land on which the lien was claimed mortgaged it on the same day that he acquired title, but the deed to him bore date a number of days before it was delivered, and the mortgage was not a reconveyance to his grantor and was not shown to have been for the purchase money or to have been a part of the same transaction as his purchase. *Held,* that a finding of fact that the alleged owner's seisin was not instantaneous could not be disturbed.

In a suit to enforce a mechanic's lien, it was assumed, that where an owner of land makes a contract with a builder and then mortgages his land, a subsequent change of plan by agreement between the builder and the owner of the equity cannot authorize the establishment of liens in favor of the builder for an amount in excess of that called for by the contract as it stood when the mortgage was made. In the particular case, it was not shown that the extra charges accrued after the making of the mortgage, so that no error appeared in a finding for the petitioner.

A suit to enforce a mechanic's lien was brought in a district court against the owner of the land on which the lien was claimed and his mortgagee. The District Court ordered the lien established, and the owner appealed but the mortgagee did not. In the Superior Court both the owner and the mortgagee appeared and were represented at the trial and both excepted to the rulings of the judge of that court who ordered the lien established. The points raised involved the rights of the mortgagee. *Held,* in a decision sustaining the lien, that whether the appeal of the owner alone brought up the whole case was immaterial, as all parties had been fully heard.

THREE PETITIONS to enforce mechanic's liens brought by Heman Osborne against Frank D. Barnes, as owner, and the Northampton Co-operative Bank, as mortgagee, George S. Whitbeck intervening in each case, the original petitions filed in the District Court of Hampshire on June 23, 1900, and the intervening petitions on August 14, 1900.

On appeal to the Superior Court the cases were heard by *Maynard*, J., on an auditor's report. The judge refused the rulings requested by the respondents and made a decree establishing the liens of both Osborne and Whitbeck in each case; and the respondents alleged exceptions. The appeal from the judgment of the District Court of Hampshire was taken only by the respondent Barnes, but both respondents appeared in the Superior Court and both joined in the exceptions to the decree of that court.

The exceptions and the matters to which they relate are stated in the opinion of the court, except the ninth request for a ruling, referred to in the last paragraph of the opinion, which was as follows: " The respondent Barnes asks the court to rule that if the respondent, the Northampton Co-operative Bank, is not properly before this court on appeal, that the record of the case as sent up from the District Court of Hampshire shows no record of any judgment of the District Court affecting its rights as mortgagee."

*J. A. Wainwright*, for the respondents.

*J. Aldrich*, for the original petitioner Osborne.

*T. M. Connor*, for the intervening petitioner Whitbeck.

BARKER, J. These are three separate petitions to establish liens on three separate lots of land, on each of which the petitioner Osborne built in the year 1900 a dwelling house. The houses were built in accordance with a written contract entered into on January 16, 1900, between him and the respondent Barnes, which fixed the compensation to be paid Osborne for building two of the houses at the sum of $1,500 each, and that to be paid for building the other house at $1,200. Osborne sublet to the intervening petitioner Whitbeck a certain part of the work of building each house, and Whitbeck not having been paid has intervened in each of the several petitions and has asked to have his lien for labor established upon the lot described in the petition in which he intervenes.

In each of Osborne's petitions his lien has been established upon the lot described in that petition, and Whitbeck's lien has also been established on each lot for the amount due him for labor done on the house on that lot. The cases were heard in the Superior Court by an auditor and afterward tried by a judge of that court without a jury, and are here upon exceptions taken by the respondents Barnes and the Northampton Co-operative Bank to the refusal of the presiding judge to give certain rulings requested at the trial, and also to the decree entered in each case establishing the liens of Osborne and of Whitbeck on each lot.

1. The first contention of the excepting parties is that Osborne's liens cannot be established because the contract between him and Barnes shows that no liens were contemplated by it. There is no foundation for this contention. By the contract Osborne agreed to build the three houses, two for $1,500 apiece and one for $1,200, and Barnes agreed to pay for the same $750 on each of the $1,500 houses as soon as the shingles and clapboards should be on, and the remaining $750 on each as soon as each should be finished, and to pay $600 on the other house as soon as the shingles and clapboards should be on, and the other $600 when that house should be finished. In *Ellenwood* v. *Burgess*, 144 Mass. 534, the contract which it was said must be interpreted as a waiver of any lien upon the land called for payment in promissory notes upon four months' time. Here the contract does not stipulate for a credit inconsistent with the enforcement of the lien given by statute, and cannot be construed as a waiver.

2. The second contention is that the contract is an entire one and that three liens cannot be established for work done under it. But the contract was for the erection of three separate houses with a distinct price for each, one house on each lot, the lots not being contiguous. A separate lien for materials and labor on each house is given by statute, and the circumstance that there was but one written instrument is immaterial to the enforcement of the lien. The instrument contains three contracts, one in respect of each of the three houses. This distinguishes the present cases from *Batchelder* v. *Rand*, 117 Mass. 176, and other cases cited for the respondents, in which two buildings were erected on the same lot under one contract.

3. The next contention is that the mortgages of the North-ampton Co-operative Bank have precedence over Osborne's liens. It is conceded that on January 16, 1900, when the contract that Osborne should build the houses for Barnes was made the latter was not the owner of either parcel of land, and that he had only oral agreements for purchase from the owners. Work was begun on the houses by Osborne within a week from the date of the contract and was prosecuted to completion. Barnes acquired title to one lot on March 17, to another on March 21, and to the third on April 4, by a deed dated and acknowledged on March 21. When Barnes acquired title the statute lien attached to his interests in the several lots, and if he had more than a momentary seisin the liens have precedence of the mortgages which he gave after having acquired title. *Saunders* v. *Bennett*, 159 Mass. 48. Whether he had such title and seisin as to give Osborne's liens precedence over the mortgages which Barnes made after getting title was a question of fact, and in establishing the liens the court below has found in favor of Osborne upon that question of fact as to each lot of land. As to two of the lots there could be no question whatever. Barnes had title to one lot five days and to another two days before he mortgaged them. As to the other lot he conveyed it in mortgage upon the same day that he acquired title; but the deed to himself bore date a number of days before it was delivered, the mortgage was not a reconveyance to his grantor, and is not shown to have been for the purchase money, or to have been a part of the same transaction as his purchase. Under these circumstances the finding for the petitioners upon this branch of the cases cannot be disturbed. See *Batchelder* v. *Hutchinson*, 161 Mass. 462, 466.

4. It is contended that there was error in establishing Osborne's liens in an amount which covered matters not called for by the original contract. In dealing with this question we assume in favor of the mortgagee that any change of plan agreed to between the builder and the owner of the equity after the making of the mortgages could not authorize the establishment of liens in favor of the builder for an amount in excess of that called for by the contract as it stood when the mortgages were made. But, in the present cases, it is not shown that the extra charges accrued after the making of the mortgages. The find-

ings, being for the petitioner, are not to be held erroneous unless shown to be so by the bill of exceptions.

5. The contention that Osborne did not file a just and true account is sufficiently answered by the finding to the contrary of the auditor and the decree establishing the liens.

6. The considerations already noted show Whitbeck's right to liens for the labor furnished by him under his sub-contract with Osborne. That contract was made on March 20 and work was begun under it on the next day. *Dunklce* v. *Crane,* 103 Mass. 470. *Batchelder* v. *Rand,* 117 Mass. 176. We see no error in the course pursued by Whitbeck to establish his liens on the respective lots. Osborne's petitions were pending and he properly intervened in each petition, and the amount due him for labor on each house was ascertained and his lien therefor duly established upon his intervention in each suit. Pub. Sts. c. 191, § 19.

7. Assuming that the appeal of the respondent Barnes brought up the case as to all parties, no harm has been done to either respondent by the refusal of the court to give the ninth ruling requested. Both excepting parties have been fully heard in the Superior Court and here.

*Exceptions overruled.*