## THOMAS GUNN vs. UNION RAILROAD COMPANY.

### JANUARY 15, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, J.J.

(1)   *New trial.   Constitutional Law.   Negligence.*

While the provisions of section 10 of article IV of the constitution, "The general assembly shall continue to exercise the powers they have heretofore exercised, unless prohibited in this constitution," do not authorize the General Assembly to itself exercise judicial power, yet there is no restraint upon the Assembly conferring the judicial power "heretofore exercised" by it upon the judicial department of the State.

Opinion in *Gunn* v. *Union Railroad Co., 27 R. I. 320,* affirmed.

TRESPASS on the case for negligence. Heard on motion of plaintiff for re-argument. Denied.

(1)     BLODGETT, J.  It is a sufficient objection to the plaintiff's motion for a re-argument of this case (heretofore reported in 27 R. I. 320) that while the provisions of section 10 of article IV of the constitution, viz., "The general assembly shall continue to exercise the powers they have heretofore exercised, unless prohibited in this constitution," undoubtedly do not authorize the General Assembly to itself exercise judicial power, yet there is in this language no restraint upon the General Assembly conferring the judicial powers "heretofore exercised" by it upon the judicial department of the State.  How extensive these powers were is thus described by Chief Justice Ames in *Taylor* v. *Place*, 4 R. I. 343: "It has only to search its ancient archives, and it can find a precedent for the exercise of every species and degree of this power—from the hearing of appeals from judgments of its superior court of judicature—from the exercise of every power which has been exercised by courts of equity, down to the setting aside the judgments, and granting of new trials in the pettiest cases at law, decided by the pettiest magistrates in the colony or state."

So broad is this grant of power, indeed, that the court continues (p. 360): "This last clause, it will be observed, is *mandatory* upon the assembly to exercise the powers they have heretofore exercised, unless prohibited."  Even if this provision were not ample to authorize the General Assembly to confer upon the courts the judicial powers theretofore exercised by itself, the power of the General Assembly to create a court which might reverse a judgment was undoubtedly exercised by the General Assembly before the constitution was adopted, as shown in the opinion heretofore rendered, pp. 347-8 *ante.*  Indeed, section 3 of article XIV of the constitution expressly provides that "The supreme court, established by the constitution, shall have the same jurisdiction as the supreme judicial court at present established  .  .  .  until otherwise prescribed by the general assembly."

Counsel for the plaintiff cites *Mount Adams Railway Co.* v. *Lowery*, 74 Fed. Rep. 463 (1896), as establishing a rule in the federal courts in conflict with the views advanced in the previous opinion.  But in *Boudrot* v. *Cochrane Chemical Co.*,

110 Fed. Rep. 919 (1901), the court repudiates the doctrine advanced in *Mount Adams Railway Co.* v. *Lowery, supra,* saying that the court in deciding *Felton* v. *Spiro,* 78 Fed. Rep. 576 (1897), upon the authority of the Lowery case had "overlooked the expressions of the Supreme Court to such an extent that we could not properly follow it."

In *Hodges* v. *Kimball,* 44 C. C. A. 193, 197–198 (decided in 1900), the United States Circuit Court of Appeals adopts the rule laid down in *Treat Mfg. Co.* v. *Standard Steel & Iron Co.,* heretofore cited, (27 R. I. 326), viz.: "But it is well settled that when the trial judge is satisfied upon the evidence that the plaintiff is not entitled to recover and that a verdict if rendered for the plaintiff must be set aside, the court may instruct the jury to find for the defendant," adding, on p. 198: "That there was material evidence which tended to show negligence, etc., is not sufficient under the rule as laid down. Was it sufficient to the judicial mind? Having looked upon the witnesses, observed their demeanor upon the stand, their manner of testifying, would the court have permitted a verdict to stand? Was it sufficient evidence—not testimony—to warrant a verdict, not in the mind of counsel or bystanders, but in the mind of the court superintending and presiding at the trial to permit a verdict to stand? If not, then there was no error."

In *Sullivan* v. *Chrysolite Silver Mining Co.,* 21 Fed. Rep. 892, Judge Brewer says: "I think the rule controlling Federal courts, one that is also recognized in some of the state courts, is that when, upon the whole testimony, the court would not feel justified in sustaining a verdict for the plaintiff, it should direct a verdict for the defendant; and that, although there may be what is sometimes called a scintilla of testimony or something which would raise a possibility or a suspicion that the plaintiff was entitled to recover . . . . And in this case, while there was some testimony upon which a jury might find that the defendant was guilty of negligence, although it was not absolutely demonstrative of negligence on its part, yet it seems to me, taking all the testimony together, the court could not do otherwise than affirm that the decedent was

himself negligent and that his negligence contributed to the result."

And see the recent case of ·*Riley* v. *Louisville & Nashville R. R. Co.*, 66 C. C. A. 598 (1904).

In *McPeck* v. *Central Vt. R. Co.*, 25 C. C. A. 111 (1897), the court says: "As was said by us in *Deloriea* v. *Whitney*, 11 C. C. A. 355, 361, 'When a verdict in one direction ought to be set aside as against the weight of evidence, then, under the rule as now understood, the court ought to direct a verdict in the other direction.' The time has gone by when the federal courts sit at their own loss of time and at the expense of the parties, to take verdicts which they can foresee ought not to have been taken."

See also *Patton* v. *Texas & Pacific Railway Co.*, 179 U. S. 658 (1901), and cases cited; *Priestly* v. *Provident Savings Co.*, 112 Fed. Rep. 271 (1901); *Penn. R. Co.* v. *Martin*, 49 C. C. A. 474 (1901); *George Adams & Frederick Co.* v. *South Omaha National Bank Co.*, 60 C. C. A. 579 (1903); *Marquardt* v. *Ball Engine Co.*, 58 C. C. A. 462 (1903); *Gentry* v. *Singleton*, 63 C. C. A. 231 (1904); *International Text Book Co.* v. *Heartt*, 136 Fed. Rep. 129 (1905); *Patillo* v. *Allen-West Commission Co.*, 65 C. C. A. 508–514 (1904).

Petition for a re-argument denied.

*Charles E. Gorman*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Leffert S. Hoffman, and Alonzo R. Williams*, for defendant.