## S. H. BOWMAN LUMBER COMPANY v. GEORGE J. PIERSOL AND OTHERS.

## PAUL C. KEYES, AS RECEIVER OF FIRST NATIONAL BANK OF CLARKFIELD, RESPONDENT.[1]

December 10, 1920.

No. 21,958.

**Mechanic's lien — noncontiguous tracts of farm land — defective statement.**

1. One general lien statement cannot be made to cover several separate noncontiguous tracts of land for material furnished in the improvement thereof, though each tract be owned by the same person, to whom the material was furnished, where no attempt is made therein to apportion or specify the amount or value of the material furnished as to each.

**Same—material for one tract not a charge on other tracts.**

2. Material furnished in the improvement of one such tract cannot be made a charge against the other separate tracts.

**Same—statement cannot be amended.**

3. A lien statement which fails to state definitely the value of the material and the particular tract of land sought to be charged therewith, as required by G. S. 1913, § 7026, fails of compliance with the statute in a substantial respect and cannot be amended to supply the defect.

Action in the district court for Yellow Medicine county to foreclose a mechanic's lien for $756.40. The case was tried before Daly, J., who made findings and as conclusions of law found that plaintiff was not entitled to recover any sum whatever from any defendant except George J. Piersol, held no lien on the premises, and that defendant Paul C. Keyes was the owner of them, free and clear of any claims of plaintiff on account of the alleged mechanic's lien. Plaintiff's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

[1] Reported in 180 N. W. 106.

*A. W. Ewing,* for appellant.

*J. N. Johnson,* for respondent.

BROWN, C. J.

Action to foreclose a mechanic's lien in which defendants had judgment, from which plaintiff appealed.

The facts are not in dispute. Plaintiff is a dealer in lumber and building material and at the time stated in the complaint sold and delivered to defendant Piersol certain lumber and material for the erection and improvement of buildings situated upon certain tracts of land owned by him. The material so furnished was not paid for, and within the period of 90 days from the date of the last item thereof, and on September 24, 1917, plaintiff caused to be prepared a lien statement, to which was attached an itemized account of the material, and filed the same as provided by our mechanic's lien statute. The action is to foreclose that lien. The trial court held the lien statement defective and not in compliance with the statute and therefore insufficient to preserve and continue the lien. All questions presented by the appeal center around that conclusion. If the trial court was right there is an end of the case, for plaintiff's right to recover depends wholly upon the existence of the alleged lien. Our consideration of the question leads to a view in harmony with that of the learned trial court, and, as that disposes of the case, we pass all other questions without statement or comment.

The statutes of this state, creating liens in favor of laborers and materialmen for labor and material furnished in the improvement of real property, provide and require to perfect and continue the same beyond the period of 90 days from the date of the last item, that the claimant file a statement thereof in the office of the register of deeds, verified as required by the statute, and therein set forth, among other things (referring only to matters here material) : (1) A notice of intention to claim and hold a lien, and the amount thereof; (2) the amount due and owing to the claimant and for what improvement the labor or material was furnished; (3) a description of the premises to be charged, and the name of the owner. G. S. 1913, § 7026. The statement prepared and filed in this case, in attempted compliance with the statute,

so far as here material, after stating that material for the improvement was furnished by the claimant, and that the amount actually due therefor was the sum of $815.05, and the name of the owner of the premises, contained the following as descriptive of the claim and of the benefited premises, namely:

"That such amount is due and owing for lumber and building materials sold George J. Piersol, by reason of the following facts, to-wit: Lumber and building materials were furnished said George J. Piersol and were used in the construction of a residence on his farm, the description of said farm being the northwest quarter of section thirty-three (33) in township one hundred fifteen (115) north, of range forty-two (42) west, in said county and state, also material for alterations and repairs of other buildings on said farm. Also lumber and building materials for repairs to buildings on the following described farms: The southwest quarter of section four (4) in township one hundred fifteen (115) north, of range forty-two (42) west; and the northwest quarter of section twenty-four (24), township one hundred fifteen (115) north, of range forty-two (42) west, in said Yellow Medicine county, Minnesota."

And, further, in designating the premises on which the lien was claimed, that

"The following is a description of the property to be charged with the lien: The northwest quarter of section thirty-three (33), township one hundred fifteen (115) north, of range forty-two (42) west; and the southwest quarter of section four (4), township one hundred fifteen (115) north, of range forty-two (42) west; and the northwest quarter of section twenty-four (24), township one hundred fifteen (115) north, of range forty-two (42) west, all in Yellow Medicine county, Minnesota."

The statutory requirements as to the form and contents of the lien statement must be complied with in all substantial respects. Clark v. Schatz, 24 Minn. 300; Smith v. Headley, 33 Minn. 384, 23 N. W. 550; Keller v. Houlihan, 32 Minn. 486, 21 N. W. 729. A defect in point of substance is fatal to the lien. Of substantial importance in the statement is the indebtedness claimed to be due and the amount

thereof, and a description of the land sought to be charged with its payment. The indebtedness in this case is given in general terms as $815.05, and the land sought to be charged with the payment thereof is composed of three tracts of agricultural land, not contiguous but separated from each other by several miles, though owned by the debtor. The lien statement makes no effort or attempt to disclose the quantity or value of the material furnished the separate tracts, but seeks to lay a blanket lien upon the whole without reference to the benefit to either separately. The trial court held the statement fatally defective, and in that view we concur. It seems quite clear that one tract of the land cannot be charged with the value of material furnished in the improvement of other separate and distinct tracts. Each must stand alone, and be chargeable only to the extent the material was furnished in its improvement. And, although the material may have been furnished by plaintiff in the case at bar under one general contract with the owner of the lands, it was divisible as to the material furnished each tract and under the rule followed in this state separate liens should have been filed. Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4; McDonald v. Minneapolis Lumber Co. 28 Minn. 262, 9 N. W. 765. Such is the rule generally applied as to noncontiguous tracts of land, in the absence of statute otherwise providing, though the authorities are not in entire harmony on the point. Aurand v. Martin, 188 Ill. 117, 58 N. E. 926; Chapin v. Persse & Brooks Paper Co. 30 Conn. 461, 79 Am. Dec. 263; Hill v. Braden, 54 Ind. 72; McGrew v. McCarty, 78 Ind. 496; Osborne v. Barnes, 179 Mass. 597, 61 N. E. 276; McElroy v. Keily, 27 R. I. 474, 63 Atl. 239.; Rockel, Mechanics' Liens, § 85.

Our statute expressly providing for joinder in respect to contiguous lands, G. S. 1913, § 7027, has no application to tracts of land widely separated as in this case.

On the trial below counsel for plaintiff recognized the defective character of the lien statement, and to overcome the same sought to show that a specific amount of the claim for which the lien was filed was for material used upon one particular tract of the land, against which alone plaintiff asked for judgment. This was overruled and we think rightly. The defect in the lien statement was substantial and beyond cure by

way of amendment. To permit an amendment of a defect of the kind would in effect grant to the lien claimant the right to complete his lien long after the expiration of the time fixed therefor by statute. This the court has no right to grant. The defect is not a mere inaccuracy, cured by G. S. 1913, § 7085.

This covers the case and all that need by said in disposing of the assignments, in none of which do we find reversible error.

Judgment affirmed.