Thomas E. LaVALLE, etc., Respondent,

v.

Alvin BAYLESS, et al., third party plaintiffs, Appellants,

City of Hugo, third party defendant, Respondent.

No. 46652.

Supreme Court of Minnesota.

July 22, 1977.

Dowdal & Istas and James E. Istas, White Bear Lake, for appellants.

Neumeier, Kimmel & Holsten and Harold D. Kimmel, Stillwater, for LaValle.

Danna, Hennings, Gilsdorf & Johnson and Charles A. Johnson, St. Paul, for City of Hugo.

Heard before SHERAN, C. J., and RO-GOSHESKE and MacLAUGHLIN, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Plaintiff, Thomas E. LaValle, brought this action to establish and foreclose a mechanics lien against real property owned by defendants Alvin Bayless, Eileen Bayless, and Bay-Lon Investment, Inc. On appeal, contrary to defendants' essential contention, we hold that the trial court properly ordered foreclosure of the lien claimed as the evidence was sufficient to support the court's factual finding that the labor and materials supplied by plaintiff benefited one contiguous tract of real estate. We therefore affirm.

In the fall of 1971, defendants discussed with plaintiff the possibility of making improvements on their privately owned roads that provided access to a 160-acre tract of land which was being developed for residential purposes. Although there were never any formal contractual agreements, plaintiff commenced making improvements on September 3, 1971, and continued to provide labor and materials until November 11, 1972. Defendants' primary purpose in seeking these improvements was to meet the building code requirements of Oneka Township, Washington County, which would then enable them to convey the roads to the township as public roads.[1]

Throughout the period of construction, plaintiff believed that most of the 160-acre

---

1. Oneka Township was subsequently consolidated with the city of Hugo. Prior to trial, defendants impleaded the city as a third-party defendant, claiming that the city had requested the road improvements and therefore should be ultimately liable for the construction costs. The trial court rejected this claim as unsupported by the evidence, and defendants have not challenged this finding on the present appeal.

tract was owned by defendants. He was aware, however, that defendants had subdivided the property into 5-acre residential lots and that four of these lots had already been sold at the time construction began. When plaintiff completed the improvements, he filed a timely mechanics lien on December 13, 1972. Thereafter, when defendants refused to pay for the labor and materials supplied, plaintiff filed this action seeking both the establishment and foreclosure of his lien on 55 acres of property owned by defendants.

The trial court determined that at the time plaintiff began the improvements the areas of property affected by the claimed lien were part of one contiguous tract of real estate owned by defendants. During the period of construction, however, defendants had sold an undetermined number of residential lots to third persons, thereby rendering the remaining property noncontiguous at the time of trial. The court then calculated the total indebtedness of defendants to plaintiff as $10,730.83 and held that plaintiff was entitled to foreclosure of a specific mechanics lien covering a 40-acre portion of defendants' property.[2]

The essence of defendants' contention on this appeal is that the evidence does not sustain the court's finding that the improvements made by plaintiff were on contiguous parcels of realty and thus the lien claimed by plaintiff and awarded by the trial court was contrary to Minn.St. 514.09, which provides:

"A lienholder who has contributed to the erection, alteration, removal, or repair of two or more buildings or other improvements situated upon or removed to one lot, or upon or to adjoining lots, under or pursuant to the purposes of one general contract with the owner, may file one statement for his entire claim, embracing the whole area so improved; or, if he so elect, he may apportion his demand between the several improvements, and assert a lien for a proportionate part upon each, and upon the ground appurtenant to each, respectively."

We have previously construed this statute to mean that a mechanic who provides labor and material to one tract of land may file a lien not only on the tract improved but on all contiguous tracts in common ownership. *Carr-Cullen Co. v. Cooper,* 144 Minn. 380, 175 N.W. 696 (1920). The converse of this statutory construction is that when improvements are made on two noncontiguous tracts the mechanic is not permitted to file one lien covering both tracts. For example, in *S. H. Bowman Lumber Co. v. Piersol,* 147 Minn. 300, 180 N.W. 106 (1920), the plaintiff filed only one lien to cover the value of lumber and building materials supplied to three separate tracts of agricultural land which were noncontiguous and separated from each other by several miles. In refusing to enforce the lien, we held (147 Minn. 303, 180 N.W. 107):

"* * * It seems quite clear that one tract of the land cannot be charged with the value of material furnished in the improvement of other separate and distinct tracts. Each must stand alone, and be chargeable only to the extent the material was furnished in its improvement."

With these principles in mind and after a review of the present record, we find no error in the trial judge's findings that the road improvements benefited one contiguous tract of realty. The crucial time for determining contiguity, as defendants apparently concede, was at the time plaintiff began construction. See, Minn.St. 514.05. At such time, we find that all of defendants' property was physically contiguous to the privately owned roads and was thereby benefited by the improvements made. The fact that defendants, for their own convenience, subdivided the 160-acre tract into separate 5-acre lots for residential development should not impose an additional burden upon plaintiff to prove that

---

2. We note that the trial judge properly reduced the claimed 55-acre lien to 40 acres in adherence to the maximum limit provided by Minn. St.1974, § 514.03. See, *Gale v. Hopkins,* 165 Minn. 177, 206 N.W. 164 (1925). Since the time of trial, the maximum limit, except for certain agricultural land, has been increased to 80 acres. L.1976, c. 32, § 1.

each individual lot sustained a particular economic benefit. To hold otherwise would not only condone a narrow construction of our mechanics lien statute but would violate our time-honored policy of requiring a person "whose property is enhanced in value by the labor and toil of others * * * to respond in some way by payment and full satisfaction for what he has secured." *Emery v. Hertig,* 60 Minn. 54, 57, 61 N.W. 830, 831 (1895). See, also, *Albert & Harlow, Inc. v. Great Northern Oil Co.,* 283 Minn. 246, 167 N.W.2d 500 (1969); 12 Dunnell, Dig. (3 ed.) § 6033.

Affirmed.